Kathleen C. MAHON

v.

EAST MOLINE METAL
PRODUCTS, et al.

Supreme Judicial Court of Maine.

Argued March 20, 1990.
Decided Aug. 30, 1990.

Arlyn H. Weeks (orally), Conley, Haley & O'Neil, Bath, for plaintiff.

John A. Hobson (orally), John Upton, Frederick, Finberg, Perkins, Thompson, Hinckley & Keddy, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY * AND COLLINS, JJ.

ROBERTS, Justice.

Kathleen Mahon brought a wrongful death action against the manufacturer and the purchaser of a construction site personnel hoist after her husband was killed by a counterweight on the hoist. She appeals the judgment of the Superior Court (Cumberland County, *Brennan, J.*) dismissing for lack of personal jurisdiction her action against the manufacturer. We hold that

* Hornby, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

the factual circumstances in this case permit the court to exercise jurisdiction consistently with the due process requirements of the United States Constitution and, accordingly, we vacate the judgment.

The hoist was manufactured by defendant Champion Hoist Co., a division of defendant E.M.M.P.C.O., which is a subsidiary of defendant East Moline Metal Products Co. East Moline Metal Products Co. is an Illinois corporation with its principal place of business in East Moline, Illinois. For simplicity, all three manufacturer defendants will be referred to as East Moline. East Moline sold the hoist in issue to an Ohio corporation and delivered it to Connecticut. East Moline did not retain any interest in the hoist, nor was there any service contract. The hoist was leased to a company related to the purchaser and shipped to Portland, Maine for use at the site where the accident took place. At the time of the accident and before, East Moline had no office, employees, telephone number or agent in Maine, although it had advertised in trade journals that circulated in Maine and one of its Massachusetts dealers had provided information concerning an East Moline product to a Maine firm.

■ The accident occurred in February 1985 and the plaintiff filed suit in October of that year. In December 1986 the court granted East Moline's motion to dismiss. In June 1989 the plaintiff filed a motion for reconsideration on the basis of newly discovered facts. Later that month the court entered an order approving a settlement between Mahon and the purchaser of the hoist. In September the court denied the motion for reconsideration and within 30 days of the denial the plaintiff filed this appeal. East Moline filed a motion to dismiss the appeal, arguing that the entry of final judgment on the settlement between Mahon and the purchaser triggered the appeal period and that it expired before Mahon filed this appeal. The defendants' motion is without merit. Mahon's motion for reconsideration was timely under M.R. Civ.P. 54(b) and it remained pending after the entry of final judgment on the settlement. The appeal period did not begin to run until entry of the order denying the motion for reconsideration.

■ Under Maine's long arm statute, 14 M.R.S.A. § 704–A (1980), the exercise of personal jurisdiction is permissible as long as that exercise is consistent with the due process clause of the federal constitution. In applying section 704–A, the court need only consider whether due process requirements have been satisfied. *Caluri v. Rypkema d/b/a Laural Hill Trucking Co.*, 570 A.2d 830, 831–32 (Me.1990); *Foreside Common Dev't Corp. v. Bleisch*, 463 A.2d 767, 769 (Me.1983). In determining whether the exercise of jurisdiction is consistent with constitutional requirements, the court considers whether it is "reasonable" or basically "fair" to subject the defendant to suit in this forum in these circumstances. The burden on the defendant is to be compared with factors such as "the forum State's interest in adjudicating the dispute, ... the plaintiff's interest in obtaining convenient and effective relief ... the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980) (citations omitted).

■ We conclude that the court's exercise of personal jurisdiction over East Moline would not violate due process requirements. First, East Moline has not demonstrated any significant burden imposed by a trial in Maine as opposed to Illinois (its principal place of business) or Connecticut (where it delivered the hoist). Because of the intended purpose for which the hoist was manufactured, East Moline must have anticipated its removal from site to site. In fact, East Moline was aware of its use in Maine.

Second, Maine has a legitimate interest in the litigation. The plaintiff's intestate was a resident of Maine, and the tort occurred in this state. Maine has an interest in the safety of its workers and residents and in adjudicating disputes over accidents that occur here. Third, the plaintiff has a

strong interest in "obtaining convenient and effective relief." Witnesses of the accident, witnesses and records of the injuries suffered by the plaintiff's intestate, and witnesses and records as to the extent of pecuniary loss are likely to be found in Maine. Fourth, the public interest in efficient resolution of legal issues is served by trial in a Maine court since Maine law will most likely apply to those issues. The application of Maine law in these circumstances serves to protect the "more significant relationship ... to the occurrence and the parties." *Adams v. Buffalo Forge Co.*, 443 A.2d 932, 934 (Me.1982), citing Restatement (Second) of Conflict of Laws § 146 (1971).

To the extent our reasoning differs from that set forth in *Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9, 15 (1st Cir.1986), we find the analysis of *Rodriguez* unpersuasive. In determining the reasonableness and fairness of requiring the defendant to submit to a state's jurisdiction, we consider the burden on the defendant in light of the forum state's interest in the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the interstate judicial system's interest in obtaining the most efficient resolution of controversies. *World–Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. at 564. These considerations "sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985).

The burden on Mahon to sue in another state, where none of the witnesses reside, which has no connection with the facts giving rise to the litigation and whose law would not apply to the action, would be great. Her only means of convenient and effective relief is to sue in Maine. The burden on East Moline to defend the action in Maine is small when balanced against Maine's interest in the litigation and the plaintiff's need to bring the action in Maine. East Moline has not demonstrated that litigating in Maine would be difficult or inconvenient or that it would be at a severe disadvantage if compelled to defend

the action in Maine. *See Caluri*, 570 A.2d at 833.

The entry is:

Order dismissing plaintiff's complaint vacated

Remanded for further proceedings consistent with the opinion herein.

All concurring.