1998 ME 121

Gerald R. SUTTIE

v.

SLOAN SALES, INC.

Supreme Judicial Court of Maine.

Submitted on Briefs May 11, 1998.

Decided May 27, 1998.

Alan J. Levenson, Levenson, Vickerson & Beneman, Portland, for plaintiff.

Edward S. MacColl, Thompson, McNaboe, Ashley & Bull, LLC, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Gerald R. Suttie appeals from the judgment entered in the Superior Court (Somerset County, *Marsano, J.*) dismissing his complaint against Sloan Sales, Inc., for lack of personal jurisdiction. On appeal he contends that the court erred by failing to find that an exercise of jurisdiction over Sloan Sales would be consistent with Maine's long-arm statute, 14 M.R.S.A. § 704–A (1980 & Supp.1997), and the Due Process Clause of the federal constitution. We vacate the judgment.

[¶ 2] In November 1995 Sloan Sales, a Massachusetts corporation that acts as a food broker for restaurants and grocery stores, hired Suttie, a Maine resident, as an account executive. Suttie claims that when he was hired he was told by Samuel Sloan, the president of Sloan Sales, that he would act as the company's exclusive representative in Maine. Sloan Sales also provided Suttie with a fax machine, which he used to communicate with its office in Massachusetts and with existing and potential Maine customers from his home. Sloan Sales acknowledges that of its

726 customers, 18 are residents of Maine and 5 or 6 are regular, ongoing customers located in Maine. Suttie spent approximately 15% of his working hours in Maine. Suttie, however, was hired and had an office in Massachusetts and spent the majority of his time in other states. In March 1996 Sloan Sales discharged Suttie because he failed to generate the revenue necessary to justify his employment.

[¶ 3] In September 1996 Suttie filed a complaint in the Superior Court against Sloan Sales and Samuel Sloan[1] alleging that they were liable to Suttie for fraud, negligent misrepresentation, promissory estoppel, and unpaid wages. In June 1997 the court granted the defendants' motion to dismiss for lack of personal jurisdiction. This appeal followed.

[¶ 4] Under Maine's long-arm statute, 14 M.R.S.A. § 704-A, the exercise of personal jurisdiction is permissible as long as it is consistent with the Due Process Clause of the federal constitution, and therefore when applying the statute a court need only consider whether due process requirements have been satisfied. *Mahon v. East Moline Metal Prods.*, 579 A.2d 255, 256 (Me.1990).

> In order for Maine to exercise personal jurisdiction over a nonresident defendant, due process requires that (1) Maine have a legitimate interest in the subject matter of [the] litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

*Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995). A plaintiff has the burden of establishing the first two prongs of the test. *Id.* at 594. This showing must be based on specific facts set forth in the record, and the record should be construed in a light most favorable to the plaintiff. *Frazier v. Bankamerica Int'l*, 593 A.2d 661, 662 (Me.1991). Once he makes this requisite showing, the burden shifts to the defendant to establish that asserting jurisdiction does not comport with traditional notions of fair play and substantial justice. *Id.*

[¶ 5] Contrary to Sloan Sales' contentions, the exercise of jurisdiction by a Maine court would be consistent with the Due Process Clause of the federal constitution. Maine has a legitimate interest in protecting its citizens from fraudulent employment practices and providing its citizens with a means of redress against nonresidents. In addition, Sloan Sales reasonably could have anticipated litigation in Maine because it has sufficient contacts with the state. *See Caluri v. Rypkema*, 570 A.2d 830, 832–33(Me.), cert. denied, 498 U.S. 818, 111 S.Ct. 62, 112 L.Ed.2d 37 (1990). By providing Suttie with a fax machine, Sloan Sales essentially established an office in Maine. In addition, Sloan Sales regularly sells its services to Maine residents and admits it hired Suttie, at least in part, for the purpose of enlarging its Maine market. Moreover, Sloan Sales has failed to demonstrate that the exercise of jurisdiction by a Maine court would not comport with the traditional notions of fair play and substantial justice. *See id.* at 833.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

1. Suttie does not challenge the court's dismissal of Samuel Sloan for lack of personal jurisdiction.