STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 MAR -1 A 8: 57

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-567

REC-CUM-3/1/2004

GEOFFREY MELHUISH
             Plaintiff

v.

CROMPTON CORPORATION,
UNIROYAL CHEMICAL COMPANY,
INC., UNIROYAL CHEMICAL
COMPANY LIMITED, FLEXSYS NV,
FLEXSYS AMERICA LP, BAYER AG,
BAYER CORPORATION, RHEIN CHEMIE
RHEINAU GMBH, AND RHEIN CHEMIE
CORPORATION
             Defendants.

ORDER ON
DEFENDANTS' MOTIONS
TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

MAY 12 2004

Before the court are Motions to Dismiss Plaintiff's Class Action Complaint for Lack of Personal Jurisdiction made by (1) Defendants Crompton Corporation, Uniroyal Chemical Company Inc., and Uniroyal Chemical Company limited (collectively "Crompton"), (2) Defendants Flexsys NV & Flexsys America L.P. (collectively "Flexsys"), and (3) Defendant Bayer Corporation ("Bayer").

## FACTUAL BACKGROUND

This action stems from an alleged illegal price fixing agreement between the three primary producers of rubber-processing chemicals, Crompton, Flexsys, and Bayer. Plaintiff is a Cumberland County resident who purchased tires in July of 2001 from Sears, Roebuck and Co. in South Portland, Maine and in April of 2000 from VIP in Westbrook, Maine. Plaintiff represents all persons within the State of Maine who purchased automobile tires that were manufactured using rubber-processing chemicals sold by Defendants since 1994.

Plaintiff's complaint alleges that Defendants have violated the Maine Antitrust Act, 10 M.R.S.A. § 1101 *et seq.* He alleges that Defendants were parties to an illegal cartel agreement, contract, combination and/or conspiracy designed to fix, raise, stabilize and maintain the price for rubber-processing products. Plaintiff prays that the court: (a) certify a Class consisting of all persons within the State of Maine who purchased tires that were manufactured using rubber processing chemicals sold by Defendants since 1994 (excluding all Defendants and their respective officers, directors, employees, subsidiaries, and affiliates, as well as all governmental entities and all judges or justices assigned to hear any aspect of this case); (b) appoint Plaintiff as representative of the Class; (c) appoint Plaintiff's counsel as counsel for the Class; (d) enter judgment in favor of Plaintiff and the Class; (e) award Plaintiff and the Class their damages, trebled; (f) award Plaintiff and the Class reasonable attorneys' fees; (g) award Plaintiff and the Class costs reasonably incurred in the prosecution of this litigation; and (h) award such other relief as the court deems just and proper under the circumstances.

## DISCUSSION

### Standard of Review

There are two types of personal jurisdiction that courts recognize: general and specific. General jurisdiction is achieved when the defendant has engaged in substantial or systematic and continuous activity, unrelated to the subject matter of the action in the forum state. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002); Scott v. Jones, 984 F. Supp. 37, 43 (D. Me. 1997). Specific jurisdiction is conferred "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088-89 (1st Cir. 1992).

Maine's long-arm statute provides only for the exercise of specific personal jurisdiction. Danton v. Innovative Gaming Corp. of Am., 246 F. Supp. 2d 64, 68 (D. Me.

2003). Under 14 M.R.S.A. § 704-A, the exercise of personal jurisdiction is permissible as long as it is consistent with the Due Process Clause of the Federal Constitution. 14 M.R.S.A. § 704-A (2003); Suttie v. Sloan Sales, 1998 ME 121, ¶ 4, 711 A.2d 1285, 1286. (citing Mahon v. East Moline Metal Prods., 579 A.2d 255, 256 (Me. 1990)). For Maine to exercise specific personal jurisdiction over a nonresident defendant, "due process requires that (1) Maine have a legitimate interest in the subject matter of [the] litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation In Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." Suttie, 1998 ME 121, ¶ 4, 711 A.2d at 1286 (citing Murphy v. Keenan, 667 A.2d 591, 593 (Me. 1995)).

The plaintiff bears the burden of establishing the first two prongs of the specific personal jurisdiction test. Suttie, 1998 ME 121, ¶ 4, 711 A.2d at 1286 (citing Murphy, 667 A.2d at 594). The plaintiff's showing must be based on specific facts set forth in the record, and the record should be construed in a light most favorable to the plaintiff. Frazier v. Bankamerica Int'l, 593 A.2d 661, 662 (Me. 1991). Once Plaintiff makes this requisite showing, the burden shifts to the defendant to establish that asserting jurisdiction does not comport with traditional notions of fair play and substantial justice. Id.

In the present case, the heart of both parties' pleadings and oral arguments focuses on the second prong of this three-part test, *viz*: whether Defendants, by their conduct, could have reasonably anticipated litigation in Maine. Although Plaintiff offers four arguments in support of his position, for the reasons set forth below, the court finds none of the arguments convincing and grants Defendants' motions to dismiss for lack of personal jurisdiction.

## Jurisdiction Under 14 M.R.S.A. § 704-A(2)(B)

Plaintiff argues that Defendants should reasonably have anticipated litigation in Maine when they violated the Maine Anitrust Act and committed tortious acts within the state under 14 M.R.S.A. § 704-A(2)(B).[1]    While there is no Maine case law that directly addresses the question of whether price fixing is a tortious act in Maine, guidance can be found from other jurisdictions.  Several federal courts have recently held that the act of price fixing does not constitute a tort.  See e.g. Free v. Abbott Labs., Inc., 164 F.3d 270, 273-74 (5th Cir. 1999) (holding that price fixing did not amount to a tort where neither the Legislature or State Supreme Court recognized its existence as a tort); Four B Corp. v. Ueno Fine Chems. Indus., Ltd., 241 F. Supp. 2d 1258, 1262-63 (D. Kan. 2003) (prohibiting the plaintiffs from invoking the state's long-arm statute where the plaintiffs failed to provide legal support for the contention that a violation of the state's antitrust laws constituted tortious behavior); Indiana Grocery Co. v. Super Valu Stores, Inc., 684 F. Supp. 561, 584 (S.D. Ind. 1988) (holding that price fixing is not a tort; rejecting plaintiffs' invitation to expand state law not recognized by controlling precedent).

The authority set forth by Plaintiff for the purpose of establishing that other jurisdictions have found liability in tort for violation of state antitrust laws is unpersuasive.  See GTE New Media Servs., Inc. v. Ameritech Corp., 21 F. Supp. 2d 27, 37 (D.D.C. 1998); Origins Natural Res., Inc. v. Kotler, 133 F. Supp. 2d 1232, 1234 (D.N.M. 2001).  Such cases are distinguishable from the case at bar.  GTE and Origins involve wrongful interference with a competitor's business and trademark infringement respectively. The acts of wrongful interference with a competitor's business and trademark infringement were considered tortious at common law, whereas price fixing

4

was not. See Apex Hosiery Co. v. Leader, 310 U.S. 469, 497 (1940) (under common law, agreements to fix prices gave no rise to an actionable wrong); see also Mosley v. V. Secret Catalogue, Inc., 123 S. Ct 1115, 1122 (2003) (trademark infringement was tortious at common law); see also Note, Contribution in Private Antitrust Suits, 63 Cornell L. Rev. 682, 692-97 (1978) (arguing that whether a private antitrust suit sounds in tort should depend on the particular nature of the violation; stating that an antitrust violation that takes the form of wrongful interference with a competitor's business closely resembles the common-law tort of wrongful interference with a trade or calling).

This court refrains from deeming price fixing tortious behavior where neither the Law Court nor the Legislature has done so. See Free 164 F.3d at 273-74; Four B Corp. v. Ueno Fine Chems. Indus., Ltd., 241 F. Supp. 2d at 1262-63; Indiana Grocery Co. v. Super Valu Stores, Inc., 684 F. Supp. at 584. Accordingly, Plaintiff's argument that jurisdiction is proper in Maine under section 704-A(2)(B) is rejected.

## Jurisdiction Under 14 M.R.S.A. § 704-A(2)(I)

Plaintiff also asserts that personal jurisdiction is warranted under 14 M.R.S.A. § 704-A(2)(I), based on Defendants' maintenance of relationships with the state.[2]   To

---

[1] Section 704-A provides that courts may exercise jurisdiction over an entity "[d]oing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this state." 14 M.R.S.A. § 704-A(2)(B) (2003).

[2] Section 704-A(2) provides, in relevant part:

> Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
> *************************************************************
> I. Maintain any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

14 M.R.S.A. § 704-A(2)(I) (2003).

-evaluate Plaintiff's assertion, it is necessary to examine Defendants' relationships with the state. Defendant Bayer benefits from substantial revenues from the sale of its products here in Maine. See Pl.'s Ex. E (Bayer's annual sales revenues in Maine between 1998 and 2001 ranged from $34 million to $54 million). In addition, during the relevant time period, Defendant Bayer has employed between five and eleven employees, whose salaries were subject to Maine personal income tax, as well as reported property located in Maine with a total average yearly value of over $1 million. See Pls.' Ex. E. However, during the relevant period, Defendant Bayer did not sell tires or rubber-processing chemicals in Maine (Niemeck Decl. ¶¶ 4-5). Likewise, Crompton Defendants have fourteen customers in Maine to whom they supply products and from whom they have generated $6.5 million in sales revenue for the years 1999 through 2002. See Pls.' Ex. C. However, Crompton Defendants have not sold any rubber processing chemicals in Maine that were used to manufacture tires. (Shainman Decl. ¶ 13.) Finally, Flexsys Defendants do not sell any product directly to Maine, nor do they hold property, maintain bank accounts, or employ people in Maine. See Pls.' Ex. E.

Based on the nature of their relationships with the state, the court concludes that none of the Defendants are subject to section 704-A (2)(I) of Maine's long-arm statute. See 14 M.R.S.A. § 704-A(2)(I). Although Defendant Bayer and the Crompton Defendants have maintained relationships with the state, the relationships are unrelated to the present cause of action as required by law. Nor are Flexsys Defendants subject to section 704-A(2)(I), as they have not maintained any relationship whatsoever with the state.

## Jurisdiction Under 704-A(2)(A)

Plaintiff also argues that Defendants were "on notice" that their rubber processing chemicals would be used to produce tires that might later be sold in Maine and, hence, the present action arises from the transaction of business in Maine and gives

the court jurisdiction under section 704-A(2)(A). However, given recent state law and well-established federal case law on point, this argument is unavailing. See Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 112 (1987) (plurality opinion) (holding "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State"); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295-96 (1980) (holding a state may not exercise personal jurisdiction over an out-of-state automobile dealer simply because an automobile's inherent mobility made it likely that the automobile would enter the forum state);[3] Alers-Rodriguez v. FullertonTires Corp., 115 F.3d 81, 85 (1st Cir. 1997) (holding that even if defendant had specific knowledge that its tire rims would be moved into Puerto Rico "this awareness alone would not be enough to constitute the purposeful availment which is necessary for a showing of minimum contacts"); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984) (holding State's assertion of personal jurisdiction over a defendant must be based on the defendant's own decision to avail itself of the State's markets; stating "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction); Murphy v. Keenan, 667 A.2d 591, 595 (1995) (holding that Maine did not have personal jurisdiction over seller of boat located in New Hampshire, in suit by Maine buyer, even though it was claimed that seller could forsee possibility

---

[3] This opinion rejects the Law Court's suggestion to the contrary in Tyson v. Whitaker & Son, Inc., 407 A.2d 1, 5 (Me. 1979) that it might be proper to assert personal jurisdiction over an automobile dealer who sold, outside of Maine, a car that caused injury in Maine.

that boat would enter Maine);[4] compare Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984) (defendant directly sold the libelous magazine in the forum state).

## DECISION

Based upon the foregoing analysis, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

Defendants' Motions to Dismiss are GRANTED.

Dated at Portland, Maine this 26th day of February 2004.

_____
Robert E. Crowley
Justice, Superior Court

---

[4] But see Mahon v. East Moline Metal Products, 579 A.2d 255 (Me, 1990) (holding that where defendant manufacturer knew that its product would end up in Maine, and where the burden on defendant to defend the action in Maine was small when balanced against Maine's interest in the litigation and the plaintiff's need to bring the action in Maine, the court's exercise of jurisdiction was proper).

GEOFFREY MELHUISH  - PLAINTIFF

Attorney for: GEOFFREY MELHUISH
WILLIAM ROBITZEK
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961

Attorney for: GEOFFREY MELHUISH
TYLER N KOLLE
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961

Attorney for: GEOFFREY MELHUISH
VISITING ATTORNEY
VISITING ATTORNEY
-

-   -

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00567


DOCKET RECORD

vs
CROMPTON CORPORATION - DEFENDANT

Attorney for: CROMPTON CORPORATION
VISITING ATTORNEY
VISITING ATTORNEY
-

-   -

Attorney for: CROMPTON CORPORATION
SETH BREWSTER
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

UNIROYAL CHEMICAL COMPANY INC - DEFENDANT

Attorney for: UNIROYAL CHEMICAL COMPANY INC
VISITING ATTORNEY
VISITING ATTORNEY
-

-   -

Attorney for: UNIROYAL CHEMICAL COMPANY INC
SETH BREWSTER
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

UNIROYAL CHEMICAL COMPANY LIMITED - DEFENDANT

Attorney for: UNIROYAL CHEMICAL COMPANY LIMITED
VISITING ATTORNEY
VISITING ATTORNEY
-

- -


Attorney for: UNIROYAL CHEMICAL COMPANY LIMITED
SETH BREWSTER
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

FLEXSYS NV - DEFENDANT

Attorney for: FLEXSYS NV
ROBERT FRANK
HARVEY & FRANK
PO BOX 126
PORTLAND ME 04112-0126

Attorney for: FLEXSYS NV
VISITING ATTORNEY
VISITING ATTORNEY
-

- -


FLEXSYS AMERICA LP - DEFENDANT

Attorney for: FLEXSYS AMERICA LP
ROBERT FRANK
HARVEY & FRANK
PO BOX 126
PORTLAND ME 04112-0126

Attorney for: FLEXSYS AMERICA LP
VISITING ATTORNEY
VISITING ATTORNEY
-

- -


BAYER AG - DEFENDANT
BAYER CORPORATION - DEFENDANT

Attorney for: BAYER CORPORATION
GREGORY P HANSEL
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

RHEIN CHEMIE RHEINAU GBMH - DEFENDANT

RHEIN CHEMIE CORPORATION-DIS. 8-22-03 - DEFENDANT

Attorney for: RHEIN CHEMIE CORPORATION-DIS. 8-22-
03EGORY P HANSEL
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

Filing Document: COMPLAINT                    Minor Case Type: OTHER STATUTORY ACTIONS
Filing Date: 11/05/2002

## Docket Events:

11/05/2002 FILING DOCUMENT - COMPLAINT FILED ON 11/05/2002

11/08/2002 Party(s): GEOFFREY MELHUISH
          OTHER FILING - OTHER DOCUMENT FILED ON 11/08/2002
          REPLACEMENT PAGE 16 TO BE ATTACHED TO THE COMPLAINT (PAGE REPLACED)

01/17/2003 Party(s): GEOFFREY MELHUISH
          LETTER - FROM PARTY FILED ON 01/17/2003
          LETTER FROM THE LAW FIRM OF CAREY & DANIS, L.L.C. WITHDRAWING AS COUNSEL FOR PLAINTIFF

02/07/2003 Party(s): CROMPTON CORPORATION,UNIROYAL CHEMICAL COMPANY INC,UNIROYAL CHEMICAL COMPANY LIMITEI
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 02/06/2003
          WITH ATTACHMENTS.

02/07/2003 Party(s): CROMPTON CORPORATION,UNIROYAL CHEMICAL COMPANY INC,UNIROYAL CHEMICAL COMPANY LIMITEI
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 01/17/2003
          UPON IAN SIMMONS ESQ., ON BEHALF OF DEFENDANTS CROMPTON CORPORATION, UNIROYAL CHEMICAL
          COMPANY INC. AND UNIROYAL CHEMICAL COMPANY LIMITED.

02/07/2003 Party(s): BAYER CORPORATION,RHEIN CHEMIE CORPORATION-DIS. 8-22-03
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 02/06/2003
          WITH ATTACHMENTS

02/07/2003 Party(s): BAYER CORPORATION,RHEIN CHEMIE CORPORATION-DIS. 8-22-03
          SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 01/15/2003
          UPON WILLIAM V. O'REILLY ESQ. ON BEHALF OF DEFENDANTS BAYER CORPORATION ANDRHEIN CHEMIE
          CORPORATION

02/07/2003 Party(s): FLEXSYS NV,FLEXSYS AMERICA LP
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 02/06/2003
          WITH ATTACHMENTS

02/07/2003 Party(s): FLEXSYS NV,FLEXSYS AMERICA LP
          SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 01/28/2003
          UPON JAMES D. SLEAR ESQ. ON BEHALF OF DEFENDANTS FLEXSYS NV AND FLEXSYS AMERICA LP

02/12/2003 Party(s): GEOFFREY MELHUISH
          MOTION - MOTION TO ADMIT VISIT. ATTY FILED ON 02/12/2003
          OF PLAINTIFF WITH PROPOSED ORDER