STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, SS                              DOCKET NO. CV-05-039


SEACO INS. CO.,

        Plaintiff

        vs.                                        ORDER ON
                                                  DEFENDANT MATT
                                                  HAVEY'S MOTION TO
                                                  DISMISS

PETER V. MAGGIO, III,
ANGELO M. FALUCCI,
MATT HAVEY,
RICK A. DIDONATO and
SEAN A. SACO

        Defendants


Before the court is defendant Matt Havey's ("Mr. Havey") motion to dismiss Plaintiff Seaco Insurance Company's ("Seaco") complaint against him. At oral argument, Seaco requested a continuance on the scheduled damages hearing, which request was unopposed. Defendant Matt Havey did not appear at oral argument in support of his motion to dismiss.

## STATEMENT OF FACTS

In 2003, Seaco paid an insurance claim to O'Connor GMC, Inc. for losses occasioned by theft by deception or false pretenses. Through this payment, Seaco subrogated to all of O'Connor GMC's claims against the six defendants named in the complaint, and filed this complaint on January 18, 2005. The complaint alleges a scheme of fraudulent conduct by the defendants whereby they obtained loans through O'Connor GMC, a truck dealership, which loans

covered not only the purchase price of certain heavy-duty trucks but also the purchase price of accessory equipment to be installed on the trucks. According to the complaint, the equipment was never installed, and the defendants defaulted on their loans. Seaco alleges that O'Connor GMC sustained losses in excess of $300,000 as a result of its duty to reimburse the financing companies with respect to 17 of these transactions.

Mr. Havey filed an answer and motion to dismiss the complaint against him on June 6, 2005. In the motion to dismiss, Mr. Havey claims (1) that he was discharged in bankruptcy on June 6, 2001, and (2) that Maine Courts do not have personal jurisdiction over him.

## DISCUSSION

### I. Bankruptcy Discharge

Mr. Havey's claim that he is not liable to Seaco in the present matter due to his discharge in bankruptcy is a claim under M.R.Civ.P. 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Moody v. State Liquor & Lottery Com'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 47. A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. *Id.*

Although Mr. Havey attached a copy of the order granting him a discharge in bankruptcy, he did not include the § 521 schedule listing the debts from which he was discharged. See 11 U.S.C. § 521. Seaco rightly points out that a discharge in a Chapter 7 bankruptcy does not apply to debts that are not listed in the bankruptcy case. Thus, Mr. Havey has failed to show that the debt arising

from the transactions described in the Complaint was discharged, and he has failed to meet his burden of proving that Seaco is entitled to no relief under any set of facts that it might prove in support of its claim. *See Moody v. State Liquor & Lottery Com'n*, 2004 ME 20 at ¶ 7.

## II. <u>Personal Jurisdiction</u>

Mr. Havey claims that the Maine Courts do not have personal jurisdiction over him because the parties to the action are domiciled in Massachusetts and there is no relationship to the State of Maine other than O'Connor GMC being located in Maine.

Seaco alleges in its complaint that Mr. Havey entered into transactions with O'Connor GMC for the sale of a heavy-duty truck with improvements, and that the fraud and other misconduct for which it seeks recovery occurred at O'Connor GMC's place of business in Westbrook, Maine. These allegations in the complaint, construed in a light most favorable to the plaintiff, establish minimum contacts on Mr. Haveys's part with Maine sufficient for Maine courts to exercise jurisdiction over him. *See Suttie v. Sloan Sales*, 1998 ME 121, ¶ 4.

> Under Maine's long-arm statute, 14 M.R.S.A. § 704-A, the exercise of personal jurisdiction is permissible as long as it is consistent with the Due Process Clause of the federal constitution, and therefore when applying the statute a court need only consider whether due process requirements have been satisfied.
>
> In order for Maine to exercise personal jurisdiction over a nonresident defendant, due process requires that (1) Maine have a legitimate interest in the subject matter of [the] litigation: (2) the defendant, by his conduct, reasonably could have anticipated litigation In Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.
>
> A plaintiff has the burden of establishing the first two prongs of the test. This showing must be based on specific facts set forth in the record, and the record should be construed in a light most favorable to the plaintiff. Once he makes this requisite

showing, the burden shifts to the defendant to establish that asserting jurisdiction does not comport with traditional notions of fair play and substantial justice.

*Suttie*, 1998 ME 121 at ¶ 4 (internal quotations omitted.)

Seaco has made the requisite showing, by claiming injury to a Maine corporation, occurring in the State of Maine, that Maine has a legitimate interest in the subject matter of the litigation. See *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1036 (Me. 1986); *Caluri v. Rypkema*, 570 A.2d 830, 832 (Me. 1990). Second, Seaco has made the requisite showing that Mr. Havey, through his conduct, could reasonably have anticipated litigation in Maine. In purchasing a truck from O'Connor GMC in Maine, and applying for financing through O'Connor GMC in Maine, Mr. Seavey purposefully directed his activities at a Maine business, and thus could reasonably have anticipated be haled into court for those activities. *See id.* Mr. Seavey has not alleged, much less met the heavy burden of claiming that the exercise of jurisdiction over his person does not comport with traditional notions of fair play and substantial justice. *See Suttie*, 1998 ME 121 at ¶ 5.


The order is:

Defendant Matt Havey's motion to dismiss is DENIED.

Plaintiff Seaco's motion to continue the damages hearing is GRANTED.


Dated: September 20 , 2005

Roland A. Cole
Justice, Superior Court

COURTS
nd County
ɔx 287
ie 04112-0287

MARSHALL TINKLE ESQ
PO BOX 15060
PORTLAND ME 04112

)F COURTS
ιand County
Box 287
ιine 04112-0287

MATT HAVEY
130 RUSSELL STREET #3
MALDEN MA 02148