STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-273

DESI-CANN, INC.,

      Plaintiff

v.

ORDER OF DISMISSAL
WITHOUT PREJUDICE

DAVID A. KREBS d/b/a KREBS
TRUCKING,

      Defendant

Before the Court is a motion to dismiss by defendant David Krebs for lack of personal jurisdiction pursuant to Rule 12(b)(2).

The complaint filed by plaintiff Desi-Cann, Inc. asserts that Krebs sold Desi-Cann a truck that was defective. The complaint alleges breach of contract, intentional and negligent misrepresentation, and breach of implied warranties of merchantability and fitness for particular purpose.

For the following reasons, the court grants Krebs's motion to dismiss.

According to the pleadings and affidavits in the record, Krebs is a longtime resident of Garretsville, Ohio. Krebs owns a trucking and transportation business, Krebs Trucking, that is now an Ohio LLC but at the time of the transaction in question was a sole proprietorship. Plaintiff Desi-Cann Inc. is a Maine corporation with a principal place of business in Baldwin, Maine.

Jeffrey Cannell, who is now the president of Desi-Cann, Inc., and Krebs met in a parking lot off Interstate 71 in Kentucky, where Krebs had parked a 2010 Peterbilt truck.[1] Cannell

---

[1] Most of these details are set forth in the affidavit filed by Krebs in support of his motion to dismiss. Desi-Cann filed affidavits in response but did not dispute the statements in the Krebs affidavit.

1

expressed interest in purchasing the truck. After both parties had left Kentucky, Cannell and Krebs communicated by telephone and/or text to negotiate the sale of the truck. Cannell was in Maine at the time of these communications.

On March 29, 2018, $69,000 was wired to Krebs from Mechanics Savings Bank in Windham, Maine to Krebs's bank in Ohio in order to purchase the truck.[2] Cannell then travelled to Ohio to take possession of the truck. Subsequently title to the truck was transferred to Desi-Cann.

Two potential witnesses for Desi-Cann reside in Maine. For his part, Krebs states that he has never resided in Maine and does not own any property in Maine. His affidavit also states that Krebs Trucking is a trucking and transportation business that has never engaged in the business of selling trucks and does not solicit or advertise the sale of trucks anywhere – including Maine.[3]

Legal Standard

Maine's long-arm statute, 14 M.R.S. § 704-A, defines Maine's jurisdiction over nonresident defendants, which aligns with the due process standard in the U.S. and Maine constitutions. *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me. 1993). When applying Maine's long-arm statute, "a court need only consider whether due process requirements have been satisfied." *Suttie v. Sloan Sales, Inc.*, 1998 ME 121, ¶ 4, 711 A.2d 1285.

Due process requires (1) that Maine have a legitimate interest in the subject of the litigation; (2) that the defendant, by his conduct, could have reasonably anticipated litigation in Maine; and

---

[2] The wire transfer document in the record indicates that the money was transferred from an account belonging to Mattkait Inc. Desi-Cann Inc. was incorporated after the sale of the truck had occurred, and a certificate of title for the truck was issued to Desi-Cann on August 17, 2018.

[3] The complaint alleges that Krebs purchases and sells trucks on a regular basis, but Desi-Cann has offered no evidence to controvert the disclaimer in Krebs's affidavit.

2

(3) that Maine's exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995). The burden of proving the first two prongs rests with the plaintiff, and the defendant can disprove the third prong to avoid personal jurisdiction. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 11, 735 A.2d 984. On the first two prongs of the test, the plaintiff must meet its burden based on specific facts set forth in the record. *Id.* ¶ 13, citing *Suttie v.* 1998 ME 121, ¶ 5. The court considers the record in the light most favorable to the plaintiff. *Interstate Food Processing Corp.*, 622 A.2d at 1191.

Discussion

When the Law Court considered personal jurisdiction arising from the sale of non-commercial boat in *Murphy v. Keenan*, it held that the state must have "interest beyond mere citizenry... such as the protection of its industries, the safety of its workers, or the location of witnesses and creditors within its border" to satisfy the first prong of the test. 667 A.2d at 594-95. The record in this case arguably supports a legitimate state interest – *i.e.*, protecting Maine businesses from deceptive sales. However, Desi-Cann has not carried its burden on the second prong, showing that Krebs could have reasonably anticipated litigation in Maine.

Desi-Cann has put forward no evidence that Krebs ever "purposefully direct[ed] his activities" at residents of Maine or created "continuing obligations" between himself and Maine residents. *Murphy v. Keenan*, 667 A.2d at 594, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). No evidence in the record suggests Krebs ever entered Maine or even knew that the truck would be used in Maine or that Cannell was in Maine during telephone negotiations.

Assuming, however, that Krebs knew Cannell was a Maine resident, knew that Cannell was planning to use the truck in Maine, and knew that Cannell was in Maine during the telephone

3

negotiations, Desi-Cann still falls short of demonstrating that Krebs could reasonably have anticipated litigation in Maine. Whether a single sale to a party living in the forum state is sufficient to meet the second prong is evaluated with a focus on "prior negotiations and contemplated future consequences." *Burger King Corp.*, 471 U.S. at 479. In this case, the sale was an isolated transaction of unacquainted parties, initiated outside Maine and without a continuing contractual obligation, ongoing contact, or any expectation of future business. *See Murphy*, 667 A.2d at 594-95.

Desi-Cann argues it has proven the second prong because certain elements of the sale occurred in Maine and were allegedly initiated by Krebs's purposeful actions. For example, Desi-Cann claims that the sale of a truck to a Maine resident, the accepting of a wire transfer from a Maine bank, and negotiations occurring partially in Maine were purposeful actions by Krebs aimed at Maine. The undisputed record, however, considered in the light most favorable to Desi-Cann, does not demonstrate that Krebs ever purposefully availed himself of the privilege of conducting activities within Maine.

Here, the transaction's contacts with Maine derive entirely from the activity of Cannell. Contacts with the forum that result from a plaintiff's unilateral activity do not suffice to show that a defendant should have had a reasonable anticipation of litigation in the forum. *Id.* at 594. As Desi-Cann has failed to carry its burden as to the second prong of the test, this court concludes that it does not have personal jurisdiction over Krebs.

Krebs argues that the initiation of this lawsuit in Maine was frivolous and vexatious, entitling him to attorneys' fees and costs. The court is not persuaded that this case was commenced vexatiously or frivolously. Accordingly, Krebs's application for attorney's fees is denied.

4

The entry shall be:

The motion by defendant David Krebs to dismiss the complaint for lack of personal jurisdiction is granted, and the complaint is dismissed without prejudice. Defendant's request for attorney's fees and costs is denied. Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Order into the docket by reference.

Dated: January 3 2022

Thomas D. Warren
Justice, Maine Superior Court

Entered on the Docket: 01/03/22
mc/

REC'D CUMB CLERKS OF
JAN 3 '22 PM3:28

**Plaintiff–Andrew Broaddus, Esq.**
**Defendant–Jeffrey Shafto, Esq.**

5