STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-497

GENERAL LINEN SERVICE, LLC,

Plaintiff

v.

ORDER

JEFFREY HASKELL, et al.,

Defendants

RECD CUMB CLERKS OF
MAY 19 '22 AM11:30

Before the court is a motion to dismiss by defendant John Carnevale for lack of personal jurisdiction pursuant to Rule 12(b)(2).

In this action plaintiff General Linen Service LLC originally sued Jeffrey Haskell, a former General Linen employee, alleging that Haskell had violated a non-competition agreement with General Linen after going to work for a competitor, Maine Uniform Rental Inc. d/b/a Pratt Abbott Uniform Rental and Linen ("Pratt Abbott").

Pratt Abbott subsequently intervened as a defendant and filed a counterclaim. Thereafter General Linen was granted leave to amend its complaint to allege that Pratt Abbot had hired two other former General Linen employees, Greg Haskell and John Carnevale, who were also violating non-competition agreements. In the amended complaint General Linen added Carnevale (but not Greg Haskell) as a defendant.

Carnevale filed the instant motion to dismiss on the ground that his work for Pratt Abbott and his alleged violations of the non-compete agreement had not occurred in Maine.

Plaintiff-Eviana Englert, Esq.
Def Haskell-Jeffrey Bennett, Esq.
Def Carnevale-Sally Morris, Esq.
Intervenor Maine Uniform Rental-Adrienne
Fouts, Esq.

1

Since then there have been a flurry of other motions but the parties have agreed that, with the exception of Carnevale's motion to dismiss, all proceedings shall be stayed to June 15, 2022 while settlement discussions proceed.[1]

Legal Standard

Maine's long-arm statute, 14 M.R.S. § 704-A, defines Maine's jurisdiction over nonresident defendants, which aligns with the due process standard in the U.S. and Maine constitutions. *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me. 1993). When applying Maine's long-arm statute, "a court need only consider whether due process requirements have been satisfied." *Suttie v. Sloan Sales, Inc.*, 1998 ME 121, ¶ 4, 711 A.2d 1285. *Accord, Fore LLC v. Benoit,* 2012 ME 1 ¶ 6, 34 A.3d 1125.

Due process requires (1) that Maine have a legitimate interest in the subject of the litigation; (2) that the defendant, by his conduct, could have reasonably anticipated litigation in Maine; and (3) that Maine's exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995). The burden of proving the first two prongs rests with the plaintiff, and the burden on the third prong is placed on the defendant. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 11, 735 A.2d 984.

On the first two prongs of the test, the plaintiff must meet its burden based on "specific facts set forth in the record." *Id.* ¶ 13, quoting *Suttie v. Sloan Sales Inc.,* 1998 ME 121, ¶ 5, 711 A.2d 1285. "This means that the plaintiff must go beyond the pleadings and make affirmative

---

[1] Most recently General Linen's claims against Jeffrey Haskell and Jeffrey Haskell's crossclaim against Pratt Abbott have been dismissed by a stipulation signed by counsel for all parties. Remaining are General Linen's claims against Pratt Abbott, Pratt Abbott's counterclaims against General Linen, and General Linen's claims against Carnevale (the subject of this motion). General Linen has also filed a motion to amend its complaint for a second time in order to assert claims against a person named Steve Marcq. Proceedings on everything except Carnevale's motion to dismiss have been stayed to June 15.

2

proof" by affidavit or otherwise. *Dorf,* 1999 ME 133, ¶ 13, quoting *United Electrical Radio and Machine Workers v. 163 Pleasant Street Corp.,* 987 F.2d 39, 44 (1st Cir. 1993). When the court proceeds only on the pleadings and affidavits, plaintiff need only make prima facie showing that jurisdiction exists and plaintiff's allegations of jurisdictional facts should be construed in its favor. *Dorf,* 1999 ME 133, ¶ 14.

Discussion

In this case Carnevale has submitted an affidavit and General Linen relies on its verified amended complaint.

On the issue of whether Maine has a legitimate interest in the litigation, General Linen is a Delaware corporation with a principal place of business in New Hampshire. It has an office in Maine and does business in Maine. Carnevale is a resident of Massachusetts who formerly worked for General Linen. He was a resident of Massachusetts at all relevant times, including when he formerly worked for General Linen and when he later worked for Pratt Abbott.[2]

General Linen's allegations against Carnevale arise out of his employment at Pratt Abbott, which is a Maine corporation. When Carnevale worked for General Linen, he worked out of its office in New Hampshire. General Linen's verified amended complaint states that Carnevale held a high-level position with General Linen and was responsible for thousands of accounts. Carnevale's affidavit states that he did most of his work for General Linen on the road and that 95% of that work was in Massachusetts, New Hampshire, and Rhode Island. However, his motion to dismiss acknowledges that he oversaw sales representatives in Maine as well as in the three other states.

---

[2] According to Carnevale's affidavit, he no longer works for Pratt Abbott because he retired on disability in July 2021.

3

The usual focus of whether Maine has a legitimate interest in the subject of the litigation looks to Maine's interest in the protection of its citizens. Although General Linen is not a Maine corporation, it does have an office in Maine, and its claims against Carnevale arise out of its overall dispute with Pratt Abbott which apparently involves alleged actions both in Maine and elsewhere. The court is prepared to find that Maine has a legitimate interest in the subject of this litigation.

However, General Linen also has to make at least a prima facie showing that Carnevale, by his conduct, could have anticipated being sued in Maine. It falls short on this issue. Carnevale has always been a resident of Massachusetts, he does not own property in Maine, and he has never earned income in Maine. When he worked for General Linen, he supervised sales representatives in four states including Maine, but General Linen's current allegations against him are based on his work for Pratt Abbott, which Carnevale states was in Massachusetts.

With respect to Carnevale's work for Pratt Abbott, General Linen's verified amended complaint alleges one alleged instance of wrongdoing that specifically occurred in Massachusetts, Verified Amended Complaint ¶ 61, and three other alleged instances as to which General Linen is conspicuously silent as location. *See* Verified Amended Complaint ¶¶ 64, 65, 67. If those instances are alleged to have occurred in Maine, as opposed to in Massachusetts or some other location outside of Maine, General Linen could have made some showing to that effect in response to Carnevale's personal jurisdiction motion. It did not do so, and the court therefore concludes that those alleged instances of conduct did not occur in Maine.

The only specific allegation General Linen makes with respect to Carnevale's conduct in Maine is that Carnevale has been seen riding in Pratt Abbott vehicles with Greg Haskell "near [General Linen] customers in the Portland Maine area." Verified Amended Complaint ¶ 63. Pratt Abbott is based in Maine, and the vague allegation that Carnevale was seen riding in a Pratt

4

Abbott vehicle in Maine is not a violation of Carnevale's non-competition agreement.[3] Nor is it a violation to be in a vehicle "near" unspecified General Linen customers.

Tellingly, in the "wherefore" clause of its amended complaint, General Linen seeks an order that Carnevale "only work for Pratt Abbott within the State of Maine." This demonstrates that General Linen is not concerned with Carnevale's activity in Maine and reinforces the conclusion that all of the alleged conduct for which Carnevale has been sued occurred outside of Maine.

In sum, while General Linen seeks to have the court infer that some alleged wrongdoing by Carnevale may have occurred in Maine, it has made no showing to that effect. It bears emphasis that on this prong of the personal jurisdiction analysis, General Linen must meet its burden based on specific facts set forth in the record and must go beyond the pleadings and offer affirmative proof. *Dorf v. Complastik Corp.*, 1999 ME 133 ¶ 13. Because it has not done so, Carnevale's motion to dismiss for lack of personal jurisdiction is granted, and the court does not need to reach the question of whether Carnevale has met his burden on the third prong of the analysis.

The entry shall be:

The motion by defendant John Carnevale to dismiss the amended complaint for lack of personal jurisdiction is granted, and the amended complaint is dismissed against Carnevale without prejudice. Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Order into the docket by reference.

Dated: May 12 2022

_____
Thomas D. Warren
Active Retired Justice, Maine Superior Court

---

[3] Carnevale does not dispute that he has ridden in Pratt Abbott vehicles in Maine.

Entered on the Docket: 05/17/22