1999 ME 133

**Michael DORF**

v.

**COMPLASTIK CORPORATION et al.**

Supreme Judicial Court of Maine.

Argued May 5, 1999.
Decided Aug. 19, 1999.

James G. Goggin, Christopher B. McLaughlin (orally), Verrill & Dana, LLP, Portland, for plaintiff.

Alan J. Perry (orally), Kurtz & Perry, South Paris, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Michael Dorf appeals from a judgment entered in the Superior Court (Oxford County, *Perkins, A.R.J.*) dismissing his complaint against Complastik Corpo-

ration and David Evans, nonresident defendants, for insufficient service of process and lack of personal jurisdiction. Dorf contends that the court erred by dismissing his complaint because service of process was sufficient, at least as to Complastik, and because his complaint and supporting affidavit establish a prima facie case that Complastik and Evans, through their conduct, availed themselves of jurisdiction in Maine pursuant to its long-arm statute, 14 M.R.S.A. § 704–A (1980 & Supp.1998). Although we affirm the dismissal as to Evans because he was not properly served, we vacate the judgment as to Complastik.

[¶ 2] Dorf and Evans worked for Quadrax Corporation, a Rhode Island corporation which manufactures and distributes thermoplastic composites. In 1997, the two men ceased working for Quadrax and met several times in Massachusetts to discuss forming a company to compete with their former employer. In November of 1997, those negotiations resulted in an agreement "to own and operate a business to manufacture fiber reinforced thermoplastic composites." Their agreement provided that Dorf and Evans would form a Massachusetts corporation under the name Complastik, and, in December of 1997, that

company was incorporated pursuant to the laws of Massachusetts. Dorf was to be president and Evans vice-president and secretary of Complastik, each owning 10,000 of the initial stock issuance of 20,000 shares.

[¶ 3] Shortly after the incorporation of Complastik, a dispute arose between Dorf and Evans. Dorf filed a complaint against both Complastik and Evans, contending that Evans: wrongfully dismissed Dorf as an officer of the corporation; failed to issue stock to Dorf; and threatened Dorf with legal action for alleged infringement of Complastik's patented method of producing thermoplastic composites, a process which Dorf contends he co–invented. The complaint sought damages for breach of contract, wrongful dissolution of a partnership, breach of fiduciary duty, conversion, and a declaration of the parties' rights with respect to the patent.[1] Evans filed a motion to dismiss the complaint for insufficient service of process and lack of personal jurisdiction. Both parties submitted affidavits concerning Evans's and Complastik's contacts with Maine. The Superior Court granted the motion to dismiss for insufficient service of process and lack of personal jurisdiction.[2]

1. Federal jurisdiction statute 28 U.S.C. § 1338(a) (1993) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." Jurisdiction under section 1338(a) applies to all cases in which either " 'federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal patent law.' " *McArdle v. Bornhofft*, 980 F.Supp. 68, 70 (D.Me.1997) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Under this rule, whether a claim arises under patent law must be determined from what appears in the plaintiff's complaint, " 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.' " *Id.* (quoting *Christianson*, 486 U.S. at 809, 108 S.Ct. 2166). Dorf contends that Complastik's patent is defective because it violated 35 U.S.C. § 115 by failing "to name the true inventors

... on the patent application." Whether a patent is invalid because of a defective patent application is a question of federal patent law, which state courts have no jurisdiction to consider. Accordingly, we remand for dismissal of that portion of Dorf's complaint seeking a declaratory judgment with respect to his patent rights. The Superior Court will have to address Complastik's contention that all allegations against it arise out of patent claims and that therefore it is entitled to a full dismissal.

2. . Three months after Dorf filed his complaint in Maine, Complastik and Evans filed a complaint in Massachusetts Superior Court asserting numerous claims against Dorf arising from his relationship with Complastik and Evans. Dorf filed a motion to dismiss or stay the Massachusetts action, in deference to this action filed earlier in Maine. Dorf withdrew the motion without prejudice after the Maine Superior Court dismissed his complaint in this case because he "anticipated that the

Because Dorf conceded and we conclude that service of process on Evans was defective, we affirm the dismissal of Evans as a defendant. Complastik concedes, however, that it was properly served and we therefore vacate its dismissal as a defendant based on insufficient service of process.

[¶ 4] As to the issue of personal jurisdiction, the affidavit submitted by Dorf asserts as true the following facts: Both Dorf and Evans were residents of Massachusetts until November of 1997, when Dorf sold his home and permanently moved to a cottage he owned in Oxford, Maine. Prior to moving to Maine, he and Evans met at Dorf's cottage in Oxford and engaged in initial discussions and negotiations to enter into a joint venture. Both parties agreed that Complastik would conduct business from two principal locations, Massachusetts and Maine, and that Dorf would spend one day a week in Massachusetts and the rest of the week working from his home in Maine. Business conducted by Dorf on behalf of Complastik, from his home in Maine, included: co-inventing the process for manufacturing reinforced thermoplastic composites; negotiating and signing a lease for office space for Complastik in Massachusetts; purchasing office furniture for use at Complastik's office; and obtaining commercial insurance for Complastik. Dorf also traveled to Texas and California on behalf of Complastik, and visited potential customers in Maine, Vermont, and New Jersey.

[¶ 5] Dorf further asserts that, in addition to the work done by Dorf on behalf of Complastik in Maine, Evans, on at least one occasion, conducted Complastik business in Maine. In June of 1998, Evans traveled to Maine to attend a regional trade show and to negotiate a development contract with Brunswick Technologies, Inc. (BTI). The negotiations lead to the signing of a nondisclosure agreement between Complastik and BTI. According to Dorf, Massachusetts court would not grant his mo-

that nondisclosure agreement constitutes a continuing business relationship in Maine.

[¶ 6] Evans and Complastik alleged a different factual scenario in two affidavits signed by Evans and submitted in support of his motion to dismiss for lack of personal jurisdiction. Those affidavits assert as true the following facts: Complastik maintained an office and conducted business in Massachusetts. All phone calls, banking, and the signing of important corporate documents and IRS statements occurred in Massachusetts. Moreover, Dorf barely participated in Complastik business. Between October and December of 1997, Dorf claimed that his severance agreement with Quadrax prevented him from overtly involving himself with Complastik and he therefore did not assist in developing Complastik's patented method for producing thermoplastic composites. Instead, Dorf spent the time refurbishing his cottage in Maine. In April of 1998, Dorf did state that he planned to work at Complastik four days a week and become a full-time participant in the company. He never did so, however, and later told Evans that he was seeking alternate employment. Moreover, Evans contends that Dorf's travel to Texas and California was associated with Dorf's search for other employment and was not to further Complastik's business.

[¶ 7] Evans claims to be unaware of any Complastik business conducted in Maine. Evans never agreed to allow Dorf to work from his home; the corporate insurance that Dorf contends he purchased from Maine was obtained through an insurance broker in Boxborough, Massachusetts; and Dorf's purchase of office furniture was never authorized by the corporation. Evans does admit meeting with BTI to discuss a prospective development contract. He contends, however, that other than a nondisclosure agreement with BTI, signed to explore the possibility of a future business relationship, and a few telephone calls and e-mails with Dorf, neither he nor Complastik had any contact with Maine.

tion."

[¶ 8] Dorf contends that when the court rules on a motion to dismiss for lack of personal jurisdiction based solely on affidavits, without the benefit of an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to withstand the defendant's motion to dismiss.

[¶ 9] "The jurisdictional reach of Maine's long-arm statute ... is coextensive with the permissible exercise of personal jurisdiction under the due process clause of the fourteenth amendment." *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1191 (Me.1993) (citing *Frazier v. Bankamerica Int'l*, 593 A.2d 661, 662 (Me.1991); *Caluri v. Rypkema*, 570 A.2d 830, 831 (Me.1990)). When applying Maine's long-arm statute, therefore, "a court need only consider whether due process requirements have been satisfied." *Suttie v. Sloan Sales, Inc.*, 1998 ME 121, ¶ 4, 711 A.2d 1285, 1286 (citation omitted).

[¶ 10] We have stated:

[i]n order for Maine to exercise personal jurisdiction over a nonresident defendant, due process requires that (1) Maine have a legitimate interest in the subject matter of the litigation; (2) the defendant, by [its] conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

*Id.* (quoting *Murphy v. Keenan*, 667 A.2d 591, 593 (Me.1995)).

[¶ 11] The plaintiff bears the burden of satisfying the first two of the three prongs of the test to determine whether personal jurisdiction has been established: that Maine has a legitimate interest in the subject matter of the litigation; and that the defendant, by its conduct, could reasonably have anticipated litigation in Maine. *See Murphy*, 667 A.2d at 594. "Once the plaintiff does so, the burden *then shifts to the defendant to* establish that asserting jurisdiction does not comport with traditional notions of fair play and substantial justice." *Id.* (citations omitted). Placing the burden of proof on the plaintiff, however, is merely the first step. "[T]o allocate the burden is neither to define the evidentiary showing necessary to meet it nor to explain whether that showing varies from context to context." *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir.1995).

[¶ 12] A motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2), may be considered and decided prior to trial, unless, in certain limited circumstances, the court, in its discretion, defers ruling on the motion until trial. *See* M.R. Civ. P. 12(d). "Facts regarding jurisdictional questions may be determined by reference to affidavits, by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992). The method chosen by the trial court to decide such motions will dictate the evidentiary showing necessary for the plaintiff to survive the defendant's motion to dismiss. *See Boit v. Gar–Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir.1992).

[¶ 13] Courts most commonly rule on a motion to dismiss for lack of personal jurisdiction prior to trial, without holding an evidentiary hearing. The plaintiff's showing in opposition to the motion "must be made on specific facts set forth in the record ...." *Suttie*, 1998 ME 121, ¶ 5, 711 A.2d at 1286. "This means that [the] plaintiff 'must go beyond the pleadings and make affirmative proof.'" *United Elec. Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir.1993) (quoting *Boit*, 967 F.2d at 675). This showing may be made by affidavit or otherwise. *See Serras v. First Tennessee Bank Nat'l Assoc.*, 875 F.2d 1212, 1214 (6th Cir.1989).

[¶ 14] When "the court proceeds only upon the pleadings and affidavits of

the parties, the plaintiff 'need only make a prima facie showing that jurisdiction exists,' and the plaintiff's written allegations of jurisdictional facts should be construed in its favor." *Suttie*, 1998 ME 121, ¶ 5, 711 A.2d at 1286; *see also Electronic Media v. Pioneer Communications of Am., Inc.*, 586 A.2d 1256, 1259 (Me.1991) (citations omitted); *163 Pleasant St. Corp.*, 987 F.2d at 44; *Kowalski v. Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7, 8 (1st Cir. 1986).[3] Determining personal jurisdiction based on initial affidavits alone, without additional evidence, is a "useful means of screening out cases in which personal jurisdiction is obviously lacking, and those in which the jurisdictional challenge is patently bogus." *Foster–Miller, Inc.*, 46 F.3d at 145. Moreover, it prevents defendants from defeating personal jurisdiction merely by filing a written affidavit opposing the jurisdictional facts alleged by the plaintiff. *See Serras*, 875 F.2d at 1214. If the facts are undisputed, the court rules as a matter of law and we review that ruling *de novo*. *See 163 Pleasant St. Corp.*, 987 F.2d at 44.

 [¶ 15] If the facts necessary for a determination of personal jurisdiction are disputed in the written affidavits, as they are in this case, the court may hold a pre-trial evidentiary hearing. *See Serras*, 875 F.2d at 1214 (citing *Welsh v. Gibbs*,

631 F.2d 436, 439 (6th Cir.1980)); *Neaves*, 912 F.2d at 1064 n. 1.[4] The court has discretion to determine what evidence is necessary to resolve the disputed facts contained in the affidavits submitted by the parties. The taking of oral testimony is not always necessary and the court may decide the issue based on affidavits in addition to those initially submitted, on deposition testimony, or documentary evidence, as well as oral testimony. *See* M.R. Civ. P. 43(e); *Boit*, 967 F.2d at 676.[5] When, however, the facts relating to personal jurisdiction are so intertwined with the facts relating to the merits of the case, that it would be difficult to decide jurisdiction prior to a full trial on the merits, a court may be forced to postpone resolving the issue of jurisdiction until trial. *See Serras*, 875 F.2d at 1215.[6] Regardless of the form of the evidence and regardless of whether it resolves the issue at a pre-trial hearing or at trial, the court itself must determine personal jurisdiction by a preponderance of the evidence. *See Boit*, 967 F.2d at 676–77 (citing *Dakota Indus., Inc.*, 946 F.2d at 1387; *CutCo Indus.*, 806 F.2d at 364; *Ealing Corp. v. Harrods Ltd.*, 790 F.2d 978, 979 n. 1 (1st Cir.1986); *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977)); *see also CutCo Indus.*, 806 F.2d at 364.[7] We

---

**3.** *Accord New Moon Shipping Co., v. Man B & W Diesel*, 121 F.3d 24, 29 (2d Cir.1997); *Federal Deposit Ins., Corp.*, 959 F.2d at 174; *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir.1991); *CutCo Indus. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986); *Metropolitan Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1064 n. 1 (9th Cir. 1990); *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir.1983).

**4.** Holding an evidentiary hearing is appropriate when the plaintiff alleges sufficient facts to defeat a motion to dismiss under the prima facie standard and the defendant challenges those facts. Most often it would be unfair to postpone addressing personal jurisdiction until trial, forcing the out-of-state defendant to incur the expense and burden of a trial on the merits. *See Boit*, 967 F.2d at 676.

**5.** "If the written submissions raise disputed issues of fact or seem to require determina-

tions of credibility, the court retains the power to order an evidentiary hearing ... and to order discovery of a scope broad enough to prepare the parties for that hearing." *See Serras*, 875 F.2d at 1214, (citations omitted).

**6.** The "trial court should not require [the] plaintiffs to mount 'proof which would, in effect, establish the validity of their claims and their right to the relief sought.'" *Id.* (quoting *Milligan v. Anderson*, 522 F.2d 1202, 1207 (10th Cir.1975)). "Judicial resources may be more efficiently deployed if the court holds but one hearing on the contested facts." *Id.* (citation omitted).

**7.** *But see Foster–Miller*, 46 F.3d at 145–46 (after concluding that determining personal jurisdiction by a preponderance of the evidence may necessitate a full-blown, cumbersome evidentiary hearing, and the factual findings of the court may have a preclusive

review the court's factual findings with deference, but whether the facts as found by the court are sufficient to establish personal jurisdiction is a question of law reviewed *de novo*. *See CutCo Indus.*, 806 F.2d at 365.

[¶ 16] In this case, Dorf's affidavit submitted in opposition to the motion to dismiss alleged that he conducted business on behalf of Complastik from his home in Maine. Because the court appears to have decided the issue of personal jurisdiction based solely on Dorf's and Evans's affidavits, we must view Dorf's allegations of jurisdictional facts as true. *See Suttie*, 1998 ME 121, ¶ 5, 711 A.2d at 1286. We must therefore assume that Complastik authorized Dorf to conduct its business from his home in Maine, including: soliciting business; co-inventing the patented process for manufacturing reinforced thermoplastic composites; negotiating and signing a lease for Complastik's office in Massachusetts; and purchasing corporate insurance and office furniture for the company. These facts are more than sufficient to establish a prima facie case of personal jurisdiction. *See id.* (by providing plaintiff with a fax machine and authorizing him to solicit business, defendant "essentially established an office in Maine"). *See also*

*Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1037 (Me.1986) (citation omitted).

[¶ 17] Because Dorf alleged sufficient facts to establish a prima facie case of personal jurisdiction, we must vacate the court's dismissal. Evans, however, is entitled to have the court resolve the factual disputes in the affidavits and reach a final determination of the issue of personal jurisdiction. Whether the court determines that issue through a pretrial evidentiary hearing, taking additional evidence through corroborating affidavits, deposition, or oral testimony, or postpones such a determination until trial, is within its sound discretion.[8]

The entry is:

Judgment affirmed as to defendant Evans. Judgment vacated as to defendant Complastik Corporation. Remanded for further proceedings consistent with this opinion.

---

effect, the First Circuit adopted a "likelihood standard").

8. Although Dorf alleges substantial contacts with Maine, most of the facts central to the merits of his claims occurred in Massachu-setts. Complastik is therefore free to seek a dismissal of the complaint under the doctrine of *forum non conveniens*. *See Alley v. Parker*, 1998 ME 33, ¶ 6, 707 A.2d 77, 79; *Corning v. Corning*, 563 A.2d 379, 380–81 (Me.1989).