**ACCESSORIES LIMITED OF MAINE, INC., Plaintiff**

v.

**LONGCHAMP U.S.A., Defendant**

**No. CIV. 01–172–P–H.**

United States District Court, D. Maine.

Nov. 2, 2001.

product, knowing that the Massachusetts retailer is buying that product from a Maine wholesaler, do Maine courts have personal jurisdiction over the New Jersey company for a cause of action because the economic loss occurs in Maine? [1] The key issue is whether, under the "effects test" outlined by the Supreme Court in a defamation case, *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the New Jersey company expressly aimed its wrongful conduct at Maine. I conclude that the Maine wholesaler has not shown that the New Jersey company expressly aimed its allegedly tortious conduct at Maine. Accordingly, I **GRANT** the defendant's motion to dismiss for lack of personal jurisdiction.[2]

Todd S. Holbrook, Esq., Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for Accessories Unlimited of Maine, Inc., plaintiffs.

Peter J. Brann, Esq., Brann & Isaacson, Lewiston, ME, George Gottlieb, Esq., Gottlieb, Rackman & Reisman, PC, New York, NY, for Longchamp USA, defendants.

## MEMORANDUM DECISION AND ORDER ON THE DEFENDANT'S MOTION TO DISMISS

HORNBY, Chief Judge.

When a New Jersey company tells a Massachusetts retailer to stop selling a

### BACKGROUND

■ Because the defendant has challenged this court's exercise of personal jurisdiction over it, "the plaintiff has the burden of showing that jurisdiction exists." *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 675 (1st Cir.1992). The plaintiff must make this showing with "evidence of specific facts set forth in the record." *Id.* However, the court does not act as a factfinder; it must "accept[ ] properly supported proffers of evidence by a plaintiff as true." *Id.*

The defendant, Longchamp U.S.A., is a New Jersey corporation with a principal place of business in Hamilton, New Jersey.

---

1. The complaint contains two counts, a federal claim seeking declaratory judgment that the plaintiff's product does not infringe the defendant's trade dress rights, and a state tort claim seeking damages for tortious interference with contractual relations. The parties have argued the personal jurisdiction issue solely with respect to the state law tort claim. Therefore I do not address the possibility that the jurisdictional analysis for the declaratory judgment count might be different than the analysis for the tortious interference count.

2. The defendant has also moved to dismiss the tortious interference count under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, but there is no need to rule on this motion in light of my ruling on the Rule 12(b)(2) motion.

Compl. ¶ 3. Longchamp is not authorized to do business in Maine, and has no office, assets, or bank account in Maine. Decl. of Martha L. Carroll ¶¶ 2, 4, 6. None of its officers, directors, employees, or agents lives in Maine, and none of its salespersons regularly makes sales calls in Maine. *Id.* ¶¶ 3, ·5. Longchamp's only contacts with Maine in the last two years included the circulation of a total of five catalogs, and the shipment of $2,725 worth of merchandise (representing approximately .02% of Longchamp's total business) to customers who had placed orders with an independent distributor of Longchamp's products. *Id.* ¶¶ 7–9.

Longchamp manufactures and sells a large canvas tote bag that may be folded up into a small, convenient size when empty. Compl. ¶ 1. Longchamp claims "trade dress" rights in this bag. *Id.* The plaintiff, Accessories Unlimited of Maine, Inc. ("Accessories"), is a Maine corporation with a principal place of business in Cornish, Maine. *Id.* ¶ 2. It makes and sells a bag similar to Longchamp's bag. *Id.* ¶ 1. Staples, a Massachusetts-based retail store, is one of Accessories' largest customers. *Id.* ¶¶ 20, 22. In 2000, Longchamp contacted both Accessories and Staples accusing them of infringing its trade dress rights by selling Accessories' bag. *Id.* ¶¶ 15, 21; Carroll Decl. ¶ 11 & Ex. A. Accessories responded by explaining that its bag did not infringe any of Longchamp's rights. Compl. ¶¶ 1, 16. However, Staples responded to Longchamp's letters by asking Accessories for assurances that the bags were non-infringing, and indemnification against any claims of infringement. *Id.* ¶ 22. As a result of Longchamp's letters to Staples, Accessories' sales to Staples have declined. *Id.* ¶ 26; Decl. of Elizabeth Birchfield ¶ 16. Accessories filed suit on July 2, 2001, seeking a declaratory judgment that its bag does not infringe Longchamp's trade dress rights, a permanent injunction barring Longchamp from making future assertions that Accessories' bag infringes any of Longchamp's trade dress rights, and damages for Longchamp's allegedly tortious interference with Accessories' contractual relationship with Staples.

## DISCUSSION

■ Accessories does not argue that this Court has general jurisdiction based upon Longchamp's catalogs and sales in Maine. Its only basis for jurisdiction is specific jurisdiction under Maine's long arm statute, 14 M.R.S.A. § 704–A, as a result of Longchamp's letters concerning the alleged infringement.[3] Maine's long arm statute extends as far as the United States Constitution permits. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 9, 735 A.2d 984, 988. Accessories argues that this Court may properly exercise personal jurisdiction over Longchamp because Longchamp, by sending the allegedly fraudulent letters to Accessories' customer in Massachusetts, intended to cause harm to Accessories in Maine. Accessories relies upon a defamation case, *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984),

---

**3.** Fed.R.Civ.P. 4(k) provides that a federal court's exercise of personal jurisdiction over a defendant is governed by the long arm statute of the state in which the court is located, unless the plaintiff's claim is based on a federal statute that authorizes nationwide service of process (the rule provides other exceptions that are not applicable in this case). Count I of Accessories' complaint is based on the Lanham Act, 15 U.S.C. § 1125, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Neither of these statutes authorizes nationwide service of process. Count II is a state common law claim. Therefore, this Court's exercise of personal jurisdiction on both claims depends on the application of Maine's long arm statute.

for the proposition that personal jurisdiction may constitutionally be exercised over a defendant who expressly aims intentional, tortious conduct at a plaintiff in the forum state (in *Calder*, the circulation of the defamatory materials in the forum state where the plaintiff lived), even if the defendant would otherwise not have sufficient minimum contacts with the forum state to satisfy the requirements of due process. In applying *Calder*, the First Circuit has held in another defamation case that jurisdiction is not appropriate unless the defendant "aimed an act at the forum state, knew the act would likely have a devastating effect, and knew the injury would be felt in the forum state." *Noonan v. Winston Co.*, 135 F.3d 85, 90 (1st Cir.1998) (French company that used a Boston police officer's photograph, without authorization, in a cigarette advertisement in French magazines was *not* subject to personal jurisdiction in Massachusetts court for defamation).

The issue in this case, then, is whether the New Jersey company's alleged interference with a business relationship by contacting a Maine company's Massachusetts customer is sufficiently aimed at Maine to satisfy the requirements of *Calder*. The Third Circuit addressed this precise issue thoroughly and persuasively in *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir.1998) (Becker, C.J.). *IMO* held that a New Jersey court could not constitutionally exercise personal jurisdiction over a German corporation that interfered with a New Jersey corporation's pending contractual relationship with a European buyer, despite the economic effects within New Jersey. The Third Circuit concluded that for business torts *Calder*

> requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum. . . . [T]he *Calder* 'effects test' can

only be satisfied if the plaintiff can point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity. Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement. The defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied. In the typical case, this will require some type of 'entry' into the forum state by the defendant.

*Id.* at 265 (citations omitted). In this case, Accessories has presented only Longchamp's knowledge that Staples was buying from a Maine wholesaler and the cease and desist letters from Longchamp to Staples in Massachusetts and Accessories in Maine. This is simply not enough. (Accessories itself concedes that the cease and desist letter Longchamp sent to Accessories directly in Maine is not enough to support a Maine court's exercise of personal jurisdiction over Longchamp. Pl.'s Opp'n to Def.'s Mot. To Dismiss at 8. *Accord IMO*, 155 F.3d at 268 ("a few calls or letters into the forum may be of only marginal import if the dispute is focused outside the forum")).

I see no reason to add to the persuasive analysis provided in *IMO*. *But see Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202–03 (7th Cir.1997) (Easterbrook, J.) (holding that an Illinois court could properly exercise personal jurisdiction over a California defendant that allegedly interfered with the Illinois plaintiff's relationship with a customer in New Jersey). The First Circuit has not spoken to the precise issue, but *IMO*'s application of *Calder* to the business tort context seems consistent with the First Circuit's application of *Cald-*

*er* to defamation and invasion of privacy claims in *Noonan*.

Therefore, I conclude that Accessories has failed to establish that this Court may constitutionally exercise personal jurisdiction over Longchamp. Accordingly, Longchamp's motion to dismiss for lack of personal jurisdiction is GRANTED.

So ORDERED.