STATE OF MAINE
WASHINGTON, ss

DOCKET NO. CV-03-06
ξAH – WAS – 5/20/2004

BRIAN E. PRIEST, LISA C. PRIEST,  )
Individually, and as Parent and Next Friend )
Of BRENDA L. FRANCIS  )
)
)
vs.  )      ORDER ON MOTION TO DISMISS
)
)
)
CRAWFORD HOMES, INC.  )
MMH PRESTIGE HOMES, INC., and  )
IGLOO CELLULOSE, INC.  )

DONALD L. GARBRECHT
LAW LIBRARY

MAY 26 2004

Pursuant to M.R.Civ. P. 12 (b)(2), Igloo Cellulose, Inc. (The Defendant) requests the court to dismiss Plaintiff's complaint against it on the ground that the court lacks personal jurisdiction.

## BACKGROUND

The Plaintiffs in this matter reside in Pembroke, Maine. In September of 1998, the Plaintiffs purchased a modular home from the Defendant Crawford Homes, Inc. (Crawford) a Maine corporation having an office and place of business in Houlton, Maine. Crawford acquired the home for resale in Maine from the Defendant MMH Prestige Homes, Inc. (Prestige). Prestige is a Canadian corporation and manufactures modular homes at its place of business in New Brunswick, Canada. The Defendant is a Canadian corporation and has its principal place of business in Pointe Claire, Quebec, Canada. The Defendant manufactures loose cellulose insulation material that is used to insulate modular homes. The Plaintiffs contend that Prestige installed the Defendant's

insulation into their home and that they have suffered various damages associated with the insulation and other claimed deficiencies and defects in the home.

The Plaintiffs have brought suit against all the Defendants based on a variety of different legal theories. Their 25 page complaint contains twenty (20) counts set forth in one hundred and sixty five (165) paragraphs. The paragraphs containing factual allegations that pertain to the Defendant are:

5. Igloo Cellulose Inc., (hereinafter "Igloo") is a Canadian corporation with a principal place of business in Pointe Claire, Quebec, Canada. Igloo is not licensed by the State of Maine, Manufactured Housing Board. Igloo is not authorized by the Secretary of State of the State of Maine to do business in the State of Maine as a foreign corporation. Igloo manufactures and sells insulation used in manufactured homes.

25. Prestige, Crawford and Igloo failed to warn the Priests of the danger of breathing the fibers contained in the cellulose insulation used to insulate the attic spaces of the home.

157. Igloo provided the insulation used in the Priest home. Igloo knew or should have known of the health and safety hazards of their insulation. Igloo knew that their products were used in homes sold to consumers.

The Defendant contends that it lacks sufficient contacts with Maine to support the court's exercise of jurisdiction over it. The Plaintiff contends that Maine does have personal jurisdiction.[1] The court agrees with the Defendant.

DISCUSSION

Regarding the exercise of jurisdiction over non-resident defendants, the Law Court has stated:

The jurisdictional reach of Maine's long-arm statute…is coextensive with the permissible exercise of personal jurisdiction under the due process clause of the fourteenth amendment. When applying Maine's long-arm

---

[1] The Plaintiff has also asserted that the Defendant's motion to dismiss is not timely. The court agrees with the Defendant's interpretation of M.R.Civ. P. 12 and adopts the rationale set forth in the Defendant's reply memo on this point.

statute, therefore, a court need only consider whether due process requirements have been satisfied. [I] n order for Maine to exercise personal jurisdiction over a nonresident defendant, due process requires that (1) Maine have a legitimate interest in the subject matter of the litigation; (2) the defendant, by [its] conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's court's comports with traditional notions of fair play and substantial justice.

The Plaintiff bears the burden of satisfying the first two of the three prongs of the test to determine whether personal jurisdiction has been established:

(1) that Maine has a legitimate interest in the subject matter of the litigation; and

(2) that the defendant, by its conduct, could reasonably have anticipated litigation in Maine.

Once Plaintiff satisfies these two requirements, the burden then shifts to the defendant to establish the third jurisdictional requirement, i.e. that asserting jurisdiction comports with traditional notions of fair play and substantial justice. Dorf v. Complastik Corp., 1999 ME 133, ¶¶'s 9, 10,11, 735 A.2d 984,988. (internal citations and quotations omitted)

The court may proceed in several different ways in deciding a challenge to the existence of personal jurisdiction. Dorf at ¶ 12. In this instance, the court has made its determination based upon the pleadings and affidavits. Accordingly, the Plaintiff need only make a prima facie showing that jurisdiction exists. The Plaintiff also enjoys the advantage of the precept that its written allegations of jurisdictional facts should be construed in its favor. Id. at ¶14.

The parties agree that in order to survive the Defendant's challenge, the Plaintiff must establish at least a prima facie case demonstrating both that Maine has a legitimate interest in the litigation and that the Defendant, by its conduct, could have anticipated litigation in Maine. If the Plaintiff can satisfy these threshold requirements, then the

3

burden shifts to the Defendant to demonstrate that Maine's exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice.

The Defendant does not dispute that Maine has an interest in providing a forum for justice for its citizens seeking redress for injury. The first requirement is therefore easily satisfied.

The Defendant vigorously disputes, however, that there is sufficient evidence that the second requirement has been met. The court agrees with the Defendant that there is no evidence that it engaged in activities that reflect that it purposely availed itself of the privilege of conducting activities within Maine and therefore would have some basis for anticipating that it would be "haled into court" in Maine in connection with these activities. See Worldwide Volkswagen, 444 U.S. 286, 297 (1980).

The parties do not dispute that the Defendant is a Canadian and not a Maine corporation; that it has never been licensed to do business in Maine and never registered here as a foreign corporation; that it has never had an office or place of business in Maine (or anywhere else in the United States) or any employees working in Maine; that it does not lease or own any property in Maine and that it maintains no bank accounts in Maine.

The Defendant also contends that it does not advertise in Maine. In response, the Plaintiff points out that the Defendant maintains an internet website that is obviously accessible in Maine. The Plaintiff has supplied copies of web pages in support of this point. (See Ex. B attached to the affidavit of William C. Moorhouse, Esq.) This exhibit, however, reflects that the Defendant's website is not an active one that allows direct placement of orders or direct communication with the Defendant but rather it is a passive one that simply provides advertising information to anyone who might visit the website.

The distinction between an active website that promotes, enhances and visually entices a viewer to select products and then makes available methods by which the potential purchaser can directly contact the merchant and a passive website that simply advertises appears to have been an important consideration in Magistrate Cohen's recommended decision in <u>Cecil McBee v. Delica</u> (U.S. District Court Docket No. 02-198-P-C). [2] The former weighs in favor of personal jurisdiction; the later against it.

The court is mindful of the minimal demonstration required for a prima facie case for personal jurisdiction and of the favorable treatment given the Plaintiff's allegations of jurisdictional facts. <u>Dorf</u> at ¶14. However, the Plaintiff's showing in opposition to the motion must be made on specific facts set forth in the record. This means the Plaintiff must go beyond the pleadings and provide affirmative proof that the court has a basis for exercising personal jurisdiction. <u>Dorf</u> at ¶13.

The Plaintiff's complaint fails to set forth any jurisdictional allegations pertaining to the Defendant. Paragraph 5 establishes that the Defendant is a Canadian corporation with a principal place of business in Quebec. Paragraph's 25 and 157 allege negligent actions but do not speak to Maine's jurisdiction. In the court's view, affording the Plaintiff every reasonable and favorable construction of these pleadings and affording Plaintiff the support of Attorney Moorhouse's affidavit still fails to demonstrate sufficient contacts between the Defendant and Maine at the time of this transaction. Thus, the Plaintiff fails to show that the Defendant engaged in activity relating to Maine from

---

[2] Not only is the Defendant's website a passive one, it has changed since the date of the underlying business transaction. (See affidavit of Daniel Beland) When the court is evaluating whether a defendant should have anticipated that its activities could lead to litigation in Maine, in the court's view, it must confine its analysis to the events and circumstances in existence at the time of the transaction and not to subsequent events or circumstances that might be different.

which the court could conclude that the Defendant had availed itself of the privilege of doing business in this state. [3]

Accordingly, the court concludes that Maine does not have a sufficient basis for exercising personal jurisdiction over the Defendant.

The entry shall be: The Defendant's Motion to Dismiss is granted. The Clerk is directed to incorporate this ORDER in the docket by reference.

Dated: May 19, 2004

JUSTICE, SUPERIOR COURT

FILED

MAY 2 0 2004

MARILYN E. BRALEY Clerk

---

[3] The Plaintiff cannot satisfy this requirement by simply showing that the Defendant's product wound up in Maine. The Defendant alleged and the Plaintiff acknowledged at hearing of this matter that the Defendant's cellulose was sold to Prestige in Canada and installed in Prestige's modular home in Canada. This factual circumstance would seem to represent a "fortuitous" event resulting solely from the unilateral act of a third party such as the Law Court discussed in Harriman v. Demoulas Supermarkets, Inc. 518 A.2d 1035, 1037 (Me.1986)

6

BRIAN E. PRIEST  - PLAINTIFF
P.O. BOX E
PEMBROKE ME 04666
Attorney for: BRIAN E. PRIEST
JEFFREY PETERS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
THIRTY FRONT STREET
PO BOX 665
BATH ME 04530-0665

Attorney for: BRIAN E. PRIEST
WILLIAM CHARLES MOORHOUSE
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546

LISA C PRIEST  - PLAINTIFF
P.O. BOX E
PEMBROKE ME 04666
Attorney for: LISA C PRIEST
JEFFREY PETERS
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
THIRTY FRONT STREET
PO BOX 665
BATH ME 04530-0665

Attorney for: LISA C PRIEST
WILLIAM CHARLES MOORHOUSE
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
ONE CITY CENTER
PO BOX 9546
PORTLAND ME 04112-9546


vs
CRAWFORD HOMES INC - DEFENDANT
P.O. BOX 399
HOULTON ME 04730
Attorney for: CRAWFORD HOMES INC
FREDERICK J BADGER JR
RICHARDSON WHITMAN LARGE & BADGER
ONE MERCHANTS PLAZA, SUITE 603
PO BOX 2429
BANGOR ME 04402-2429

MMH PRESTIGE HOMES INC - DEFENDANT
14 INDUSTRIAL DRIVE
SUSSEX
Attorney for: MMH PRESTIGE HOMES INC
DAVID RAY
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

SUPERIOR COURT
WASHINGTON, ss.
Docket No  MACSC-CV-2003-00006

**DOCKET RECORD**

Attorney for: MMH PRESTIGE HOMES INC
BERNARD KUBETZ
EATON PEABODY
80 EXCHANGE ST
PO BOX 1210
BANGOR ME 04402-1210

IGLOO CELLULOSE INC - DEFENDANT
820 CELLULOSE, INC
POINTE CLAIRE
Attorney for: IGLOO CELLULOSE INC
WILLIAM GRAY SCHAFFER
CURTIS THAXTER STEVENS BRODER & MICOLEAU
ONE CANAL PLAZA
PO BOX 7320
PORTLAND ME 04112