STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
CUMBERLAND, ss.                         DOCKET NO: CV-06-158

STATE OF MAINE Office
Cumberland, ss, Clerk's Office
SUPERIOR COURT

AUG 0 1 2006

RECEIVED

COAST TO COAST
ENGINEERING SERVICES,

                    Plaintiff

                                        ORDER ON MOTION
        v.                              TO DISMISS

STEIN ENGINEERS, INC., and
MICHAEL STEIN,

                    Defendant

        This case comes before the Court on Defendant Stein Engineers' motion to

dismiss for lack of personal jurisdiction.

                              **BACKGROUND**

        Plaintiff's complaint and the accompanying affidavits assert the following:

On or about October 21, 1996, Stein Engineers, a corporation formed under the

laws of Louisiana, entered into a franchise agreement with franchisor Criterium,

a Maine corporation, to operate an engineering and building inspection business

in the Baton Rouge area of Louisiana. Stein became aware of Criterium through

an advertisement in a magazine and made the initial contact between the parties.

Before signing the franchise agreement, Mr. Stein, the owner of Stein Engineers,

attended an informational session for prospective franchisees in Maine.

Although Stein never conducted engineering or building inspection services in

Maine, Mr. Stein came to Maine in September 1996 for a week long training on

how to operate the franchise. He also attended Criterium's annual conference in

Maine in September 2003.[1]

In 1996, the parties entered into a franchise Agreement for a term of fifteen years. The Agreement contains a forum selection clause whereby the parties agreed that "any action commenced for the purpose of enforcing the terms and provisions of this Agreement . . . shall be brought in the state and federal courts located in Cumberland County, Maine." The Agreement also contains a covenant not to compete stating that upon termination of the Agreement, Stein is precluded from operating an engineering and building inspector business for two years within the Baton Rouge area. The complaint alleges that Stein terminated the Agreement on or about December 31, 2005, yet continues to provide the services it provided as a franchisee in violation of the covenant not to compete.

On March 13, 2006, Plaintiff filed a four-count complaint alleging breach of contract (count I), recovery of monies owed (count II), tortious interference with a prospective advantageous business relationship (count III), and declaratory judgment (count IV). Criterium is seeking a preliminary and permanent injunction to enforce the covenant not to compete in the Agreement thereby enjoining Stein from providing engineering and building inspection services in the Baton Rouge area. On April 6, 2006, Stein filed a motion to dismiss asserting that the courts of Maine lack personal jurisdiction.

## DISCUSSION

Maine's jurisdiction over nonresident defendants is controlled by the long arm statute, 14 M.R.S.A. § 704-A, and the Due Process Clause of the Maine

---

[1] The competing affidavits dispute whether or not Stein sent his employees to Maine for training.

Constitution. Me. Const. art. I, § 6-A; *Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995). The extent of Maine jurisdiction is coextensive with that allowed by the Due Process Clause of the United States Constitution. U.S. Const. amend. XIV, § 1, *Murphy*, 667 A.2d at 593. The relevant provisions of Maine's long arm statute state:

> 2. Causes of action. Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> A. The transaction of any business within this State;

14 M.R.S.A. § 704-A(2).

Stein argues that because it has never conducted engineering services within the State of Maine, it is therefore out of reach of the long arm statute. However, it is undisputed that Stein made a business agreement with a Maine business to establish a long-term out-of-state franchise and visited Maine several times to further that business relationship. The Court views these actions as conducting business in Maine.

Turning to the due process analysis, the Law Court has determined that due process is satisfied when three conditions are met: (1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice. *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 14, 861 A.2d 662, 666. Where, as here, the hearing is nontestimonial,

Criterium must make a prima facie showing that the first two conditions are met;[2] the burden then shifts to Stein to prove the negative of the third condition. *Electronic Media International v. Pioneer Communications of America*, 586 A.2d 1256, 1259 (Me 1991).

### 1. Interest in the Subject Matter of the Litigation

Whether a legitimate state interest exists is a fact specific analysis that goes beyond the state's interest in providing its citizens with a means of redress against noncitizens. *Commerce Bank and Trust Co. v. Dworman*, 2004 ME 142, ¶ 15, 861 A.2d 662, 666. Stein argues vehemently that case law requires the cause of action to occur in connection with forum activity for the state to have an interest. This argument is more cut and dry when discussing torts. Here, however, in the contractual context where a breach of contract can occur in an email, or over the phone, the exact location of the breach is more difficult to ascertain.

In the contractual context, the Law Court has determined that Maine has an interest in regulating and/or sanctioning "parties who 'reach out beyond one state and create continuing relationships and obligations with [Maine] citizens' . . . for the consequences of their activities." *Electronic Media International v. Pioneer Communications*, 586 A.2d 1256, 1259 (Me. 1991); see *Burger King v. Rudzewicz*, 471

---

[2] Courts most commonly rule on a motion to dismiss for lack of personal jurisdiction prior to trial, without holding an evidentiary hearing. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 12, 735 A.2d 984, 998. The plaintiff's showing in opposition to the motion "must be made on specific facts set forth in the record . . . ." *Id.*, ¶ 13, 1999 ME 133, 735 A.2d at 988-89. "This means that [the] plaintiff 'must go beyond the pleadings and make affirmative proof.'" *Id.* This showing may be made by affidavit or otherwise. *Id.* When "the court proceeds only upon the pleadings and affidavits of the parties, the plaintiff 'need only make a prima fade showing that jurisdiction exists,' and the plaintiff's written allegations of jurisdictional facts should be construed in its favor. *Id.* If the facts are undisputed, the court rules as a matter of law. *Id.*

Although certain facts are in dispute, the facts relied upon by the Court are not in dispute. Accordingly, the Court will decide the motion by reference to the affidavits.

*U.S. 462, 473, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).*[3] Although a contract in and of itself does not constitute "contact" for purposes of the due process analysis, a continuing contractual obligation may support the exercise of jurisdiction if the ongoing contact between the parties entails an expectation of conducting future business. *Murphy v. Keenan*, 667 A.2d 591, 595 (Me 1995). Continuing contact, however, does not result solely from the unilateral activity of another party. *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1192 (Me 1993).

In a case involving the one-time purchase of a boat by a Maine citizen from a retailer in New Hampshire, the Law Court held that the warranty on the purchase of the boat did not constitute a continuing contact for business purposes in order to demonstrate personal jurisdiction. *Murphy*, 667 A.2d at 595.[4] However, in a case involving a contract between a Maine business and a Michigan business to ship potato products from Maine to Michigan, the Law Court found that a continuing obligation existed between the two businesses. *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1192 (Me 1993).

In the instant case, the fact that the parties entered into a fifteen-year franchise agreement demonstrates that Stein intended to maintain a continuing

---

[3]     The Burger King Court made clear that the mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state. *See Id.* at 478-79. Rather, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Id.* at 479.

[4]     *See Architectural Woodcraft Co. v. Read*, 464 A.2d 210, (Me. 1983) (The fact that the defendant, a California resident, ordered a staircase from the plaintiff, a Maine business, and communicated via interstate communication does not establish a basis for asserting jurisdiction over the nonresident defendant).

obligation with Criterium. Contrary to the facts of *Murphy*, this was not a one-time sale, but rather a long-term business relationship that demonstrates an expectation of conducting future business.

2.      Anticipation of Litigation in Maine

To reasonably anticipate litigation in a particular jurisdiction, one must purposefully avail oneself of the privilege of conducting activities within the jurisdiction and benefit from the protection of its laws. *Commerce Bank and Trust Company v. Dworman*, 2004 ME 142, ¶16 861 A.2d at 667. In *Interstate Food Processing Corp.*, the Law Court found that the Michigan business actively solicited business in Maine, exercised a degree of control over the Maine business' performance, and maintained phone contact with the Maine business regarding the contract and changes to be made. 622 A.2d at 1192. These affirmative actions on the part of the Michigan business demonstrated an ongoing contractual obligation that was not the result of unilateral action by the Maine business. *Id.*

Similarly, in the instant case, Stein actively solicited the franchise Agreement with Criterium, entered into a fifteen-year contract, paid franchise royalties, participated in trainings and conferences in Maine, and maintained correspondence with Criterium over the years. Furthermore, the parties explicitly chose the Maine courts to enforce the terms of the Agreement. By its conduct, Stein should have anticipated litigation in Maine.

3.      Traditional Notions of Fair Play and Substantial Justice

Traditional notions of fair play and substantial justice require a nonresident defendant to have minimum contacts with a forum state. *Commerce Bank and Trust Company v. Dworman*, 2004 ME 142, ¶16 861 A.2d at 667. "In this

analysis a court considers the nature and purpose of a defendant's contacts with the forum state, the connection between the contacts and the cause of action, the number of contacts, the interest of the forum state in the controversy, and the convenience and fairness to both parties." *Id.*

While Stein's contacts with Maine may be few, "less extensive activity is required where the cause of action arises out of or in connection with the defendant's forum activity." *Interstate Food Processing Corp.*, 622 A.2d at 1192. Notwithstanding the fact that witnesses may be required to travel from Louisiana, the Court does not find that litigating in Maine would be so gravely difficult and inconvenient that it would be a severe disadvantage to Stein.

The entry is:

Defendant Stein Engineers, Inc.'s motion to dismiss for lack of personal jurisdiction is DENIED.

DATE: _August 1, 2006_

Roland A. Cole
Justice, Superior Court

7

CHRISTOPHER BRANSON ESQ
PO BOX 9785
PORTLAND ME 04112

— Dʒ

TIMOTHY BRYANT ESQ            — Pl
PO BOX 9546
PORTLAND ME 04112