ENTERED AUG 2 2 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-368

RAC-CUM-07-28-14

DELORME PUBLISHING
COMPANY, INC., and
DELORME INREACH, LLC,

     Plaintiffs

ORDER ON MOTION TO
DISMISS

v.

BRIARTEK, INC., and LEWIS
CRENSHAW, III,

STATE OF MAINE
Cumberland. ss, Clerk's Office

JUL 2 8 2014

RECEIVED

     Defendants

Before the court is the Defendants' Motion to Dismiss the Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Maine Rule of Civil Procedure 12(b)(2). This court held a non-testimonial hearing on the Defendants' Motion. The Plaintiffs have opposed the Defendants' Motion, and have asked that the Motion either be denied or that the Plaintiffs be permitted to conduct jurisdictional discovery prior to the resolution of the Motion.

The Plaintiffs' Complaint claims that the Defendants have misappropriated one or more of the Plaintiffs' trade secrets in violation of (1) the Maine Uniform Trade Secrets Act, 10 M.R.S.A. § 1541, et seq., and (2) the Virginia Uniform Trade Secrets Act, V.C.A. § 59.1-336.

**Factual and Procedural Background:**

DeLorme Publishing Company, Inc. and DeLorme InReach, LLC (collectively "DeLorme") are both Maine companies with their principal places of business in Yarmouth, Maine.

Defendant BriarTek, Inc. ("BriarTek") is a Virginia company with its principal place of business in Alexandria, Virginia. Defendant Lewis Crenshaw, III was BriarTek's director of engineering during the periods pertinent to the Plaintiffs' Complaint, and he is a resident of Norfolk, Virginia.

DeLorme and BriarTek are competitors in the same industry. Both DeLorme and BriarTek sell satellite emergency notification devises, and both companies use Iridium Satellite, Inc.'s ("Iridium") satellite network.[1] DeLorme is alleging that Crenshaw and BriarTek obtained trade secrets concerning DeLorme from Iridium (a Virginia corporation) through improper means that resulted in a breach of duty on the part of Iridium.[2] More specifically, DeLorme has alleged that BriarTek disclosed in a filing in federal court that Crenshaw wrote to Iridium seeking informing regarding sales of DeLorme's inReach device.[3] The trade secrets at issue appear to concern the Iridium satellite modem, sales information, and the business relationship between DeLorme and Iridium.

DeLorme and BriarTek and BriarTek, IP Inc. (a non-party to this action) have been involved in litigation with one another in federal court. In its declaratory judgment action before the U.S. District Court for the Eastern District of Virginia, the Plaintiff originally attempted to

---

[1] From reading BriarTek's memorandum it appears that the Iridium entities involved may have been confused. According to BriarTek, it has value added reseller agreements with Iridium Satellite, LLC, not Iridium Satellite, Inc. BriarTek also contends that the Iridium employee allegedly involved in the activities pertinent to this case was employed by Iridium Communications, Inc. For purposes of this Motion, however, the exact Iridium entities involved are irrelevant.

[2] The court notes from the filings that there is a dispute between the two parties regarding whether the Defendants intentionally sought information regarding DeLorme from Iridium. There is no need for an evidentiary hearing on this factual dispute, however, as even assuming, for purposes of this Motion, that the Defendants intentionally sought the information regarding DeLorme from Iridium, the court still lacks personal jurisdiction over the Defendants. The court would lack personal jurisdiction over this dispute under either scenario.

[3] The Defendants have provided this filing and it does not state what the Complaint purports, instead it states that "Mr. Crenshaw asked an Iridium employee for Iridium's projection on the size of the market for devices similar to the Cerberus." (DeLorme Ex. 1 Opp. 3.)

2

amend its Complaint against BriarTek and BriarTek IP, Inc. to include a claim that BriarTek and

Crenshaw violated Virginia's Uniform Trade Secrets Act, but the court denied such amendment.

**Standard:**

Maine law allows the court "to assert jurisdiction over nonresident defendants to the

fullest extent permitted by the due process clause of the United States Constitution, 14th

amendment." 14 M.R.S. § 704-A. The Statute also provides that:

> Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated in this section, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts: ...

> > Doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State;

14 M.R.S.A. § 704-A(2)(B).

In order to exercise personal jurisdiction over a nonresident defendant the Law Court has

held that:

> due process is satisfied when three conditions are met: (1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

*Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶ 14, 861 A.2d 662 (citations omitted).

The burden is on the plaintiff to demonstrate that the first two conditions are met, and

then the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would fail

to comport with fair play and substantial justice. *Id.* The Plaintiff must meet its burden using

"specific facts in the record," but the court will interpret the record in the light most favorable to

the plaintiff. *Bickford v. Onslow Mem'l Hosp. Found., Inc.,* 2004 ME 111, ¶ 10, 855 A.2d 1150,

1155. When, as in this instance, the court decides the jurisdiction question simply on the

3

affidavits and pleading of the parties, the plaintiff only needs to make a prima facie showing of jurisdiction. *Dorf v. Complastik Corp.*, 1999 ME 133, ¶ 14, 735 A.2d 984.

To determine whether personal jurisdiction may be exercised, the court will apply the minimum contacts requirement as enunciated in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *See Dworman*, 2004 ME 142, ¶ 14, 861 A.2d 662. The Supreme Court has held that "For a State to exercise jurisdiction consistent with due process, the defendant's suit related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The Court specified that the relationship between the Defendant and the forum State "must arise out of contacts that the 'defendant *himself*' creates with the forum State . . . ," and the court's analysis must examine "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985))(emphasis in the original).

**Discussion:**

As an initial matter, the court notes that in support of their Motion the Defendants have submitted an affidavit from BriarTek Inc. and BriarTek IP, Inc.'s co-founder Joseph Landa. Plaintiffs failed to submit any affidavits in opposition to the Motion. The Plaintiffs have relied solely on the allegations in their Complaint. *See Dorf,* 1999 ME 133, ¶ 13, 735 A.2d 984 (quotations and citations omitted) ("The plaintiff's showing in opposition to the motion must be made on specific facts set forth in the record[.] This means that [a] plaintiff must go beyond the pleadings and make affirmative proof. This showing may be made by affidavit or otherwise.") Despite the Plaintiff's failure to go beyond the pleadings, the court undertook the analysis below considering the filings from both parties.

The Defendants contend that the Complaint is facially defective, because it contains no basis for personal jurisdiction over the non-resident Defendants. The Defendants have argued that none of the three prongs of the test described in *Dworman* are met. The court agrees as to two of the prongs and thereby finds that the court lacks jurisdiction.[4] The Defendants also argue that the Plaintiffs' assertions are meritless, and that the U.S. District Court for the Eastern District of Virginia warned DeLorme that if it tried to re-file the claim, Iridium appeared to be a necessary party. The court notes that as it is dismissing this case for lack of personal jurisdiction, it is unnecessary to reach BriarTek's last contention.

*Does Maine have a legitimate interest?*

In determining whether or not Maine has a legitimate interest in the subject matter of the litigation, the Law Court has qualified that "[a]lthough Maine has an interest in providing its citizens with a means of redress against nonresidents, an interest beyond mere citizenry is necessary, such as the protection of its industries, the safety of its workers, or the location of witnesses and creditors within its border." *Murphy v. Keenan* 667 A.2d 591, 594 (Me. 1995) (citations omitted) (holding that Maine did not have a legitimate interest in the subject matter of the litigation when Maine resident brought complaint for damages because he purchased a boat with a warranty from a New Hampshire dealership, which was encumbered by liens the Maine resident was unaware of, since the only state interest was providing a forum for redress.)

The Defendants argue that the State of Maine does not have a legitimate interest in this action, as there is no industry to protect and the Defendants have not reached into Maine or entered into relationships or obligations with Maine citizens. The Defendants' analysis, however,

---

[4] The court does not find that additional jurisdictional discovery on the part of the Plaintiffs would be likely to change the outcome of this Motion.

overlooks Maine's interest in protecting the trade secrets of its businesses. Maine has a legitimate interest in protecting corporations within its borders. *See Murphy v. Keenan*, 667 A.2d 591, 594 (Me. 1995). Thereby, the Plaintiffs have demonstrated that they have met this requirement for jurisdiction.

*Anticipation of litigation in Maine/purposeful availment*

In order to find that a party should anticipate the possibility of litigation in Maine the court has found that a party "must purposefully avail oneself of the privilege of conducting activities within the jurisdiction and benefit from the protection of its laws." *Dworman*, 2004 ME 142, ¶ 16, 861 A.2d 662, 667 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). )). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) (quoting *Burger King*, 471 U.S. at 475(internal quotation marks omitted)).

"A defendant's activities are sufficient to establish minimum contacts when (1) the activities of the defendant have been directed at the forum's residents; (2) the defendant deliberately engages in significant activities in the forum; or (3) the defendant creates continuing obligations between itself and residents of the forum." *Cavers v. Houston McLane Co., Inc.*, 2008 ME 164, ¶ 24, 958 A.2d 905.

The effect in Maine of an out-of-state act is one factor to be analyzed as a part of the minimum contacts test. *Bickford*, 2004 ME-11, ¶ 12, 855 A.2d 1150 (quoting *Murphy*, 667 A.2d at 595). "'[T]he commission outside the forum state of an act that has consequences in the forum state is *by itself* an insufficient contact where all the events necessary to give rise to a tort claim occurred outside the forum state.'" *Id.*

6

DeLorme has not shown that the Defendants' actions were directed at Maine residents, that DeLorme purposefully engages in significant activities in Maine, or that the Defendants have purposefully created continuing obligations with Maine residents. All of the relevant allegedly tortious events occurred in Virginia. In this instance, the only relation to Maine is DeLorme's presence in Maine, and the possible effect of the communications between the Defendants and Iridium upon DeLorme. The Defendants could not have anticipated litigation in Maine. All of the Defendants' relevant interactions were with Iridium, another Virginia corporation. DeLorme has not shown purposeful availment on the part of the Defendants, nor has DeLorme satisfied the minimum contacts test.

*Traditional notions of fair play and substantial justice*

The last factor to consider is whether Maine's exercise of jurisdiction "comports with traditional notions of fair play and substantial justice." *Dworman*, 2004 ME 142, ¶ 14, 861 A.2d 662. "This analysis requires consideration of 'a variety of factors including the nature and purpose of defendant's contacts with the forum state, the connection between the contacts and the cause of action, the number of contacts, the interest of the forum state . . . , and the convenience and fairness to both parties.'" *Cavers*, 2008 ME 164, ¶ 36, 958 A.2d 905 (quoting *Labbe v. Nissen Corp.*, 404 A.2d 564, 570 (Me.1979). Considering that BriarTek and Iridium are both Virginia companies, Crenshaw is a Virginia resident, and that this case relates to actions that were taken in Virginia, it does not appear fair to have the Defendants litigate this case in Maine. Aside from any potential effects of the communication between the Defendants and Iridium upon DeLorme, DeLorme has not mentioned any contacts between the Defendants and Maine. Exercising jurisdiction over this case in Maine would not be in keeping with fair play and substantial justice.

Accordingly, this court orders that the Defendants' Motion is **GRANTED**. Plaintiffs' case is dismissed.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: July 28, 2014

Hon. Roland A. Cole
Superior Court Justice

prod/1.8.1b1/prd11     MAINE JUDICIAL INFORMATION SYSTEM   07/29/2014  gmerritt
                 CUMBERLAND COUNTY SUPERIOR COURT             mjxxi013
                 PAGE A - ATTORNEY BY CASE VIEW

ELORME PUBLISHING COMPANY INC ET AL VS BRIARTEK INC ET AL
FN:AOCSsr  -2013-0075692                   CASE #:PORSC-CV-2013-00368

---

01 0000002466  BRANN, PETER

184 MAIN STREET PO BOX 3070 LEWISTON ME 04243-3070

| | | | | |
|---|---|---|---|---|
| F | DELORME PUBLISHING COMPANY INC | PL | RTND | 08/22/2013 |
| F | DELORME INREACH LLC | PL | RTND | 08/22/2013 |

02 0000008551  O'KEEFE, MARGARET MINISTER

MERRILLS WHARF 254 COMMERCIAL ST PORTLAND ME 04101

| | | | | |
|---|---|---|---|---|
| F | BRIARTEK INC | DEF | RTND | 09/16/2013 |
| F | LEWIS CRENSHAW, III | DEF | RTND | 09/16/2013 |